Day, J.
 

 This is a proceeding in
 
 habeas corpus,
 
 begun in this court by Frank Reeves, a convict in the Ohio state penitentiary, against the warden of that institution; it being claimed that the applicant is unlawfully deprived of his liberty.
 

 The facts appearing of record are that Frank Reeves was found guilty of the crime of grand larceny by a jury in the court of common pleas of Meigs county, Ohio, said verdict being rendered on May 4, 1925. A certified copy of the sentence imposed, in so far as the same is material here, reads:
 

 “The said Frank Reeves having been found guilty, it is therefore the sentence of the Court that he be imprisoned in the Penitentiary of this State and kept at hard labor, (no part of the time to be kept in solitary confinement,) until legally discharged. And that said imprisonment shall be for a period of seven years.”
 

 The Criminal Code of Ohio, for the offense of grand larceny, provides for a sentence of from one to seven years in the penitentiary. Reeves was admitted to the penitentiary on August 12, 1925, and it is conceded for the purposes of this case that there has been no violation of the rules and regulations of such institution by Reeves.
 

 Under Section 2163, General Code, if the sentence be construed to be a definite one, Reeves would be entitled to a diminution of sentence for good be
 
 *24
 
 havior, of eleven days for each of the months of his full sentence, which would make a total of nine hundred and twenty-four days, and would have worked his restoration to liberty on January 18, 1930. Section 2163, in so far as applicable here, provides:
 

 “A
 
 person confined in the penitentiary, or hereafter sentenced thereto for a definite term other than life, having passed the entire period of his imprisonment without violation of the rules and discipline, * * * will be entitled to the following diminution of his sentence * *
 

 This act was passed in 1891, 88 Ohio Laws, 556, Section 7, and is still in full force and effect, and has been during all the period of Reeves’ commission of the offense, arrest, trial, conviction, and incarceration. On February 13, 1913, the Legislature passed the so-called indeterminate law, Section 2166, General Code, 103 Ohio Laws, 29. This act, in so far as it is material in this inquiry, recites as follows:
 

 “Courts imposing sentences to the Ohio penitentiary for felonies, except treason, and murder in the first degree, shall make them general and not fixed or limited in their duration * * *. If through oversight or otherwise, a sentence to the Ohio penitentiary, should be for a definite term, it shall not thereby become void, but the person so sentenced shall be subject to the liabilities of this chapter, and receive the benefits thereof, as if he had been sentenced in the manner required by this section. ’ ’
 

 From 1913 to 1921, in cases of all felonies, sentences under Section 2166 were indeterminate in character. However, definite sentences provided for in Section 2163 might be imposed for felonies committed prior to .the effective date of the indetermi
 
 *25
 
 nate sentence law, even though such sentences were imposed after such date.
 

 The effect of Section 2166 was to place all persons sentenced under this indeterminate sentence law under the jurisdiction of the Ohio board of administration (now board of clemency, Sections 91 and 92, General Code), and such persons so convicted and sentenced were not entitled to the benefits of the good time statute (Section 2163), which only applied to those sentenced for a definite term.
 

 So that the crucial question in this ease is simply this: Was Reeves sentenced for a definite term, or was his sentence a general one under Section 2166, General Code?
 

 By the amendment of Section 2166 in 1921, sometimes called the Norwood Act, 109 Ohio Laws, 64, the trial courts were required to fix the minimum period of duration of sentences in felony cases, and the board of administration, having power to terminate all terms of imprisonment of persons in the Ohio penitentiary, could not prolong such imprisonment, so that the term should exceed the maximum term provided by law for the felony for which the prisoner was convicted, nor lessen the minimum term fixed by the court for such felony.
 

 Our attention is called to the language of Section 2166 as amended in 1921: “If through'oversight or otherwise, a sentence to the Ohio penitentiary should be for a definite term, it shall not thereby become void, but the person so sentenced shall be subject to the liabilities of this chapter and receive the benefits thereof, as if he had not been sentenced in the manner required by this section.” In.other words, in the event- of a definite sentence, the benefits of
 
 *26
 
 “this chapter (Chapter 2, Title V, Division IV, General Code), in which is found Section 2163, providing for diminution of sentence for good behavior, shall inure to the benefit of a person so sentenced, “as if he had not been sentenced in the manner required by this section.” Therefore, where one who was sentenced in the manner required by Section 2166, but the result of such sentence was to make it a definite term, the same should not therefore become void, but the person so sentenced should receive the benefits of “this chapter,” to wit, of Section 2163, General Code.
 

 The fact that the Legislature 'has not seen fit to amend or repeal Section 2163 since the date of the amendment of Section 2166 (1921), is indicative of their intention to retain the same in the General Code; This being the case, such force and effect as it is entitled to must be given to it, consistent with other sections of the Code.
 

 It is apparent that the Legislature, in passing both Section 2163 and Section 2166, had in mind the reward of good conduct and observance of the rules and regulations of the penal institution to which the convict was sentenced:. Section 2163 in cases of definite sentences, by an allowance for good time, and Section 2166 in indeterminate sentences, with the power placed in the board of clemency to reward good conduct, and thus work the discharge of the convict at an earlier date.
 

 We do not think it was the intent of the Legislature, when a sentence was imposed with the minimum fixed at the same period that the law provides as a maximum, to deprive the convict of good time for a fixed and definite sentence, and also to deprive
 
 *27
 
 the hoard of clemency of the opportunity to reward such good conduct.
 

 We cannot take the view that the board has the power to reduce the minimum fixed by the trial judge. Such would be a violation of the plain letter of Section 2166, wherein it is provided: “No such terms shall exceed the maximum term provided by law for the felony of which the prisoner was convicted, nor be less than the minimum term fixed by the court for such felony.”
 

 As heretofore stated, the sentence provided for in the Criminal Code for the offense of grand larceny (Section 12447, General Code) is one year of a minimum and seven years of a maximum. The trial court, having power to fix a minimum sentence in Reeves’ case, fixed the period of seven years, which is also the maximum period. So that, while the board of clemency has authority to terminate all terms of imprisonment of persons in the Ohio penitentiary, the same may not be terminated at a less period of time than the minimum term fixed by the court for such felony. This period fixed in the instant case was seven years. By law it could not exceed seven years, and by the action of the trial court it could not be less than seven years. It is therefore apparent that a definite period of seven years has been fixed by operation of law as against Frank Reeves, and he became “a person confined in the penitentiary * * * for a definite term,” as provided in Section 2163, General Code.
 

 Both Sections 2163 and 2166, General Code, were upon the statute books during all the time covered by the facts of this case, and should, if possible, receive such construction as will make the same con
 
 *28
 
 sistent. The plain letter of Section 2163 grants to a person confined in the penitentiary, whose sentence is definite, the diminution periods set forth in the statute. The effect of the sentence of the trial court, even though imposed under Section 2166, General Code, was to make a definite sentence, and therefore the same came within the provisions of Section 2163, and Reeves is entitled, as one having a definite sentence, to the benefit of such section. It follows, therefore, that the prayer of the petitioner should be granted.
 

 Judgment for petitioner.
 

 Marshall, C. J., Kinkadb, Robinson, Jones, Matthias and Allen, JJ., concur.