Day, J.
 

 This is an action in
 
 habeas corpus,
 
 brought by Abbey Fleming, an inmate of the Ohio penitentiary, against the warden of that institution,
 
 *17
 
 seeking a discharge therefrom for the reason that his commitment thereto is unlawful.
 

 While the record is meager, we learn from the application, the answer of the warden thereto, and the conceded facts, as disclosed by the oral argument, that the applicant, Abbey Fleming, was received at the Ohio penitentiary on January 29,1930, from the hands of the sheriff of Hancock county, Ohio, to serve a sentence for the crime of entering a bank to commit a felony with firearms or other deadly weapons therein on December 17, 1929, the commitment papers being as follows:
 

 “Certified Copy of Sentence
 

 “General Code, Sec. 13720, 12374, 5; also 2166.
 

 “At a term of the Court of Common Pleas, begun and held at the Court House in Findlay, within and for the County of Hancock and State of Ohio, on the 6th day of January, A. D. 1930.
 

 “Present, the Hon. Geo. B. Scofield, Judge.
 

 “In the Record and Proceedings of said Court then and there had, among other things, is the following Judgment and Sentence, to-wit:
 

 “The State of Ohio vs. Arthur Burkhart
 
 &
 
 Abbey Fleming
 

 “Indictment for entering a bank and committing a felony.
 

 ‘ ‘ The said Abbey Fleming having been found guilty of entering a bank and committing a felony, it is therefore the sentence of the Court that he be imprisoned in the Penitentiary of this State and kept at hard labor, (no part of the time to be kept in solitary confinement) and until legally discharged. And that said imprisonment shall be for a period of
 
 *18
 
 duration not less than twenty-five years. And that he pay the costs of this prosecution, taxed at One Hundred and Forty-five and 35/100 Dollars.
 

 “I Certify the above to be a true copy of said Judgment and Sentence.
 

 ‘ ‘ Given under my hand and the seal of said Court, this 29th day of January, 1930.
 

 “M. E. Sorenson, Clerk.”
 

 The warden claims that pursuant to such commitment he is holding the plaintiff in the penitentiary, and therefore denies that such imprisonment is without legal authority.
 

 We understand it to be conceded that at the date of the sentence and the commitment thereunder the applicant had not yet arrived at the age of eighteen years.
 

 The applicant was convicted of the offense of entering a bank by day and attempting to commit a felony with firearms or other deadly weapons. The provisions of the statute relative thereto are to be found in Section 12441 of the General Code, passed April 6, 1929, approved April 19th and effective July 23d of that year (113 Ohio Laws, 502). So much of the section as relates to this matter reads as follows: “Whoever, by day or night, maliciously enters a bank or other financial institution which receives upon deposit or otherwise for safe-keeping the moneys or public funds, of individuals or corporations, and attempts to commit or commits a felony with firearms or other deadly weapons, shall be imprisoned in the penitentiary during life; provided, that if the jury upon the trial of any such indictment as a part of their verdict finds the accused guilty and recommends mercy, the court may
 
 *19
 
 sentence the accused to not less than twenty years in the penitentiary.”
 

 There appears to have been a recommendation of mercy, and the trial judge, in so far as this record is concerned, imposed a sentence of twenty-five years in the Ohio penitentiary, the statute providing that “the court may sentence the accused to not less than twenty years in the penitentiary.”
 

 It is the contention of the applicant that, being sentenced for the felony in question while he was still between sixteen and twenty-one years of age, Sections 2131 and 2132, General Code, require his sentence to be a general one to the Ohio state reformatory instead of the penitentiary.
 

 So much of Section 2131, General Code, as is applicable reads as follows: “Male persons between the ages of sixteen and twenty-one years convicted of felony shall be sentenced to the reformatory instead of the penitentiary.”
 

 Section 2132 provides: “Courts imposing sentences to the Ohio state reformatory shall make them general, and not fixed or limited in their duration. The term of imprisonment of prisoners shall be terminated by the Ohio board of administration, as authorized by this chapter, but the term of such imprisonment shall not exceed the maximum term, nor be less than the minimum term provided by law for such felony.”
 

 These two sections of the General Code, 2131 and 2132, have been upon the statute books of Ohio for many years, the last amendment thereto being found in 103 Ohio Laws, 885, and becoming effective August 11,1913. Both of the sections are laws of a general nature, and, as above indicated, long antedate the
 
 *20
 
 provision, of the General Code relative to entering a bank by night or day and attempting to commit a felony with firearms or other deadly weapons therein, passed by the Legislature in 1929. Prior to that date the Criminal Code of Ohio provided against robberies, forgeries, larceny, burglary, and other offenses which might be committed against a bank or other financial institution, as mentioned in the amendment of Section 12441,
 
 supra.
 
 The Legislature has power to define crimes and offenses and fix the penalties therefor.
 

 We reach the conclusion that this amendment to Section 12441, General Code, was doubtless enacted to prevent the all too common commission of offenses of the character indicated against institutions named in the amended Section 12441, that the Legislature for that purpose made special provision for the sentence to the penitentiary of those found guilty of violating- such section, it being in the nature of a special penalty against that class of offenders guilty of the depredations named in that section, and that the general law applicable to offenders between sixteen and twenty-one years of age, as set forth in Sections 2131 and 2132, does not apply.
 

 “Where the general provisions of a statute are found to be in conflict with the express provisions of a later act relating to a particular subject, the latter will govern, although the words of the earlier general act, standing alone, would be broad enough to include the subject to which the more particular provisions relate.”
 
 Thomas, Sheriff,
 
 v.
 
 Evans,
 
 73 Ohio St., 140, 76 N. E., 862.
 

 “Where the general provisions of a statute and
 
 *21
 
 those of a later one on the same subject are incompatible, the provisions of the latter statute must be read as an exception to the provisions of the earlier statute.”
 
 City of Cincinnati
 
 v.
 
 Holmes, Admr.,
 
 56 Ohio St., 104, 46
 
 N.
 
 E., 514.
 

 In statutory construction it is a well-known rule that, “where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one.” 36 Cyc., 1151.
 

 Authorities might be multiplied in support of this proposition, but we deem it unnecessary. That the Legislature had power to pass this new law for the purpose of preventing robberies and holdups upon banks and like institutions receiving money on deposit, we deem too well established to require the citation of authority. The general rule is stated in 12 Ohio Jurisprudence, paragraph 7: “ The general assembly has assumed the responsibility of defining what acts or omissions are crimes or offenses against the state, and of prescribing suitable penalties in case of guilt, and has provided its own definitions and procedure, for the most important and laudable purpose of preventing and punishing crime and protecting life and property against the aggression of persons of criminal tendency.”
 
 State
 
 v.
 
 Lingafelter,
 
 77 Ohio St., 523, 528, 83 N. E., 897;
 
 Johnson
 
 v.
 
 *22
 

 State,
 
 66 Ohio St., 59, 69, 63 N. E., 607, 61 L. R. A., 277, 90 Am. St. Rep., 564.
 

 Other grounds for the granting of the writ were mentioned in the oral argument, but we deem none of them of sufficient merit to justify the granting of the writ.
 

 Entertaining the view that the Legislature has made special provision by the amendment to Section 12441, General Code, for a penitentiary sentence of those convicted of entering
 
 “a
 
 bank or other financial institution which receives upon deposit or otherwise for safekeeping the moneys or public funds, of individuals or corporations, and attempts to commit or commits a felony with firearms or other deadly weapons,” and that the general law with reference to male offenders from sixteen to twenty-one years of age receiving general sentences to the Ohio reformatory, as provided in Sections 2131 and 2132, General Code, does not apply, it therefore becomes our duty, on this record, to deny the writ.
 

 Writ denied.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.