Day, J.
 

 This is an original action in
 
 habeas corpus,
 
 brought in this court by Edward T. O’Neill, a prisoner in the Ohio state penitentiary, claiming that P. E. Thomas, as warden of said penitentiary, unlawfully restrains him and denies him his liberty.
 

 It appears from the record that O’Neill was convicted of the crime of robbery, by the verdict of a jury in the court of common pleas of "Williams county, Ohio. Tbe indictment under which he was convicted charged his offense as having been committed on the 20th day of May, 1920. The sentence imposed by the trial court was “that the said "defendant, Edward T. O’Neill, alias Joseph Malady, be imprisoned in the penitentiary of this state, and kept at hard labor, but without solitary confinement, for the period of not less than one year and not more than fifteen years, and that he pay the costs of this prosecution.”
 

 It is averred in the petition that O’Neill was admitted to the Ohio state penitentiary on July 25, 1920. The applicant claims that by virtue of paragraph (f) of Section 2163, General Code, he is entitled to a diminution of his sentence to the extent of eleven days a month for the period of his confinement, if it appear that he has not violated the rules and discipline of the Ohio state penitentiary and has been “sentenced for a term of six or more years.”
 

 The applicant claims to have complied with the provisions of this section and avers that he is entitled to a diminution of his sentence in time of five
 
 *44
 
 years and six months, which would have worked his discharge from the penitentiary on January 25, 1930. He avers that the warden declines to grant him his liberty, and he therefore prays that this writ issue in the premises.
 

 The answer filed on behalf of the warden denies that the applicant is entitled to a diminution of sentence on account of good time, notwithstanding that he has not violated the rules and discipline of the Ohio penitentiary, and accordingly asks that the application be denied.
 

 A determination of the question involved necessitates a construction of the provisions of the General Code relative to the procedure in such cases.
 

 The words “for a definite time,” or “for a definite term,” in the clause “who is sentenced for a definite time (or term) shall be entitled to diminish the period of his sentence,” etc., found in the so-called “good time statute,” appear in all the legislative enactments from the beginning.
 

 In 1867 (April 1), the Legislature appears to have passed the first act relative to the subject, 64 Ohio Laws, 90, 97, being an act “to regulate and govern the Ohio Penitentiary,” etc., Section 30 reading:
 

 “In order that good behavior may be properly rewarded, it shall be the duty of the board to provide in its rules and regulations, for a correct daily record of the conduct of each prisoner, * * * and each one who is sentenced for a definite time, shall be entitled to diminish the period of his sentence,” etc.
 

 The act of March 16, 1876, 73 Ohio Laws, 34, repeals the above act, but contains Section 30, reading the same as Section 30 in above original act.
 

 
 *45
 
 The act of May 5, 1877, 74 Ohio Laws, 370, contains Section 36, entitled “Rewards,” and reading the same as Section 30,
 
 supra.
 

 The act of February 27, 1878, 75 Ohio Laws, 17, 23, contains Section 18, reading the same as above-noted Sections 30 and 36. This section became Section 7432 of the Revised Statutes of 1880.
 

 At the time of the above enactments, all convicts came under the benefits provided therein. Every sentence was for a certain, stated, definite time, or term, measured by the period between the minimum and maximum provided in the statute, or the expressly stated time applicable to the offense.
 

 The act of March 31, 1881, 78 Ohio Laws, S9, amending Section 7432, Revised Statutes, is next in chronological order. It provided in substance that “each convict who is sentenced for a term other than for life, shall be entitled to diminish the period of his sentence,” etc. This act changed the clause “each one who is sentenced for a definite time” to “each convict who is sentenced for a term other than for life.” The Legislature used the words “for a term,” in place of the words “for a definite time.” The word “term” in the development of the legislation so far meant a definite time.
 

 On March 24, 1884, 81 Ohio Laws, 72, 74, the Legislature for the first time enacted a statute providing for a general sentence in the discretion of the trial court. The act specifically repealed Section 7432, Revised Statutes, as then existing, providing for the shortening of the sentence by good behavior. Section 5 of this act, providing for a general sentence, at page 74, recites “every sentence to the institution of a person hereafter convicted of a felony,
 
 *46
 
 except for murder in the second degree, who has not previously been convicted of a felony and served a term in a penal institution, shall be, if the court having said case thinks it right and proper to do so, a general sentence of imprisonment in the penitentiary. The term of such imprisonment of any person so convicted and sentenced, may be terminated by the board of managers as authorized by this act, but such imprisonment shall not exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced; and no prisoner shall be released until after he shall have served at least the minimum term provided by law for the crime for which the prisoner was convicted.”
 

 By reason of the provisions of this section the law recognized two classes of prisoners: Those given a general sentence, if the trial court thought proper; and those under a specific sentence for a definite time. In a general sentence, the length of time prisoners should serve was under the control of the board of managers. Under the sentence for a definite time or term, the length of time all other prisoners should serve was fixed by the sentence.
 

 The benefits under the provisions of the general sentence in the discretion of the trial court applied to all prisoners hereafter sentenced, “except for murder in the second degree,” and who had “not previously been convicted of a felony and served a term in a penal institution. ’ ’
 

 Section 7 of this act of March 24, 1884 (81 Ohio Laws, 75), contained no provision for shortening the sentence by good behavior of prisoners sentenced for a definite time or term, as acts previously had done, and as subsequent acts contain. This left
 
 *47
 
 prisoners sentenced for a definite time without the right granted in previous acts to diminish their sentence by good behavior and observance of rules. Apparently recognizing this omission, and the discrimination in favor of the prisoner serving under a general sentence, the same was cured in the act which was passed April 14, 1884, 81 Ohio Laws, 186, entitled “an act to amend Sections 5 and 7 of the act * * * passed March 18, 1884.” Under Section 5 of this later act, persons serving under the general sentence provision were placed under the jurisdiction of the board of managers as to diminishing the period of incarceration, while under Section 7 of the act the class of prisoners sentenced for a definite time other than for life was given the privilege of being entitled to diminish the period of imprisonment, and the right to diminish a definite sentence, to be exercised under the control of the board of managers, according to the rules and regulations for the allowance or forfeiture of deduction for good time.
 

 All these provisions in Section 7 of the amended act were restored from previous acts after their omission from the act immediately preceding, passed in March of the same year, and were carried into the subsequent acts of the General Code under sections numbered 2159 to 2165, inclusive.
 

 Section 7 of this act was amended by the Act of May 4, 1891, 88 Ohio Laws, 556, which provided in substance that each convict then confined in any penal institution of the state for a definite term, other than for life, would be entitled to diminish the period of sentence, as in the act provided, without the board of managers acting in the premises. The
 
 *48
 
 provision with reference to the general sentence was still in the discretion of the trial court until changed by the act of February 13, 1913, 103 Ohio Laws, 29, when the Legislature passed an act entitled ‘ ‘ an act to provide for indeterminate penitentiary sentences and to repeal Section 2166, General Code.”
 

 This act provided that courts imposing sentences to the Ohio penitentiary for felonies, except treason and murder in the first degree, shall make them general and not fixed or limited in their duration. The board of managers had jurisdiction to terminate such 'sentences, except that no such termination should be less than the minimum nor more than the maximum. This section of the Code was further amended March 15, 1921, 109 Ohio Laws, 64, by which the court was permitted to fix the minimum period of incarceration.
 

 The record disclosing that the offense with which O’Neill was charged was committed during the time when the so-called indeterminate sentence law, passed in 1913, was in effect, which conferred no power upon the trial judges to fix the minimum period of imprisonment, his case must be controlled by the procedure then in vogue.
 

 The principles announced in the case of
 
 Reeves
 
 v. Thomas, Warden, 122 Ohio St., 22, 170 N. E., 646, 647, decided at this term by this court, apply to the case at bar. In that case Reeves had been sentenced for larceny, for a period of seven years; the maximum sentence provided by law was likewise seven years; so that it was apparent that Reeves was sentenced to a definite term, and the so-called “good time statute” (Section 2163, General Code) was held to apply in his case. However, by the plain letter of
 
 *49
 
 the O’Neill sentence, in the case at bar, it was one for an indeterminate sentence of from one to fifteen years, clearly bringing O’Neill within the jurisdiction of the board of clemency in granting paroles, etc., and not within the provisions of Section 2163, the so-called good time section, applicable to fixed or definite sentences. It was said in the opinion in the
 
 Reeves
 
 case:
 

 “It is apparent that the Legislature, in passing both Section 2163 and Section 2166, had in mind the reward of good conduct and observance of' the rules and regulations of the penal institution to which the convict was sentenced: Section 2163 in cases of definite sentences, by an allowance for good time, and Section 2166 in indeterminate sentences, with the power placed in the board of clemency to reward good conduct, and thus work the discharge of the convict at an earlier date.”
 

 It is the contention of the applicant that the sentence to be imprisoned in the penitentiary of the state, and kept at hard labor (no part of said time to be kept in solitary confinement) for the period of from one to fifteen years, .until legally discharged, is a sentence “for a definite term,” and that in event the board of clemency should place the applicant on parole and set him at liberty he would still be regarded as serving a sentence of fifteen years, because in the event of breaking his parole he might under certain circumstances be returned to the penitentiary to serve out the balance of his time.
 

 Many cases are cited from other jurisdictions, indicating that a “sentence” covers the entire period over which the state may exercise control over a prisoner, even though he may be admitted to parole.
 
 *50
 
 These decisions, however, are not helpful to the construction of the statutes of Ohio relative to imprisonment of those convicted of criminal offenses. As indicated in the
 
 Beeves case, supra,
 
 the “good time statute,” Section 2163, General Code, applied to persons confined in the penitentiary or who might thereafter be sentenced thereto for a definite term. The history of Section 2166, providing for indefinite terms, “general and not fixed or limited in their duration,” and the amendment thereto in 1921, requiring trial judges to fix a minimum period for such sentence, clearly showed an intention on the part of the Legislature to distinguish between a sentence for a definite term (Section 2163) and a sentence not fixed or limited in duration (Section 2166), except within the minimum and maximum provided by law.
 

 The history of legislation with reference to the sentences for criminal offenses demonstrates that the two classes of sentences were created and are still maintained in the criminal code.
 

 As indicated in the
 
 Beeves case, supra,
 
 the power to reward good conduct was vested in the board of administration, now the board of clemency, by granting paroles in one class; and in the fixed and definite sentence class, good conduct and observance of the rules of the penitentiary were rewarded by Section 2163, allowing diminution.
 

 Construing these statutes together, and cognate statutes, we think the clear intention of the Legislature appears to be that the expression “definite term,” in Section 2163, is not to be construed as being synonymous with the indefinite terms provided for in Section 2166, and the maximum period
 
 *51
 
 referred to in the sentence is not to be regarded as the “definite term” provided for in Section 2163.
 

 As to the unconstitutionality of Section 2166, upon the ground that the exercise by the board of clemency of its privilege of granting paroles for good conduct is a trespass upon the judicial power of the state, the record fails to show that the board of clemency has interfered with the sentence imposed by the trial court; hence, the question does not arise. It is quite likely, however, that the applicant would entertain no objection upon constitutional grounds to the board exercising its power under the statute in question by granting him a parole. At any rate, the question is not presented by this record.
 

 The question has been passed on in Ohio in principle in the case of
 
 State, ex rel. Atty. Gen.,
 
 v.
 
 Peters,
 
 43 Ohio St., 629, 4 N. E., 81, the syllabus of which reads:
 

 “ ‘An act to amend an act entitled, “an act relating to the imprisonment of convicts in the Ohio Penitentiary, and the employment, government, and release of such convicts by the board of managers,” passed March 24, 1884,’ passed May 4, 1885 (82 Ohio L., 236), authorizes the board of managers to establish rules and regulations under which certain prisoners then or thereafter under sentence, who had served the minimum term provided by law for the crime for which they were convicted, may be allowed to go upon parole outside of the buildings and inclosures, but to remain while on parole in the legal custody and under the control of the board, and subject at any time to be taken back within the inclosure of the institution, is not an interference with the executive or judicial powers
 
 *52
 
 conferred on these departments by the constitution of the state.”
 

 See, also,
 
 Woods
 
 v.
 
 State,
 
 130 Tenn., 100, 169 S. W., 558, L. R. A., 1915F, page 531, where the cases are collected.
 

 Entertaining the view that Section 2163, General Code, applicable to persons receiving fixed and definite sentences, does not apply to one who has received a sentence that is not fixed, but general and' indeterminate, under Section 2166, General Code, we reach the conclusion that the writ must be denied.
 

 Writ denied.
 

 Marshall, C. J., Kinkade, Matthias and Allen, JJ., concur.