THE STATE OF OHIO, APPELLEE, *v.* CATALFO, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* MERLO, APPELLANT.

(Decided April 11, 1938.)

*Mr. Alva J. Russell,* prosecuting attorney, and *Mr. Robert I. Azar,* for appellee.

*Mr. O. H. Corvington,* for appellants.

WASHBURN, J.   As to the *Charles Catalfo case:* The appellant was found guilty of assault with intent to commit robbery, and, although he was only twenty years of age, he was sentenced to the Ohio state peni-

tentiary for an indeterminate period of not less than one year nor more than fifteen years.

An appeal has been prosecuted to this court, the claimed error being that the court sentenced the appellant to the penitentiary, although by law the court was without authority to do so, and was required to sentence him to the Ohio state reformatory.

The appellant was found guilty of the violation of Section 12421, General Code, which is a felony, and the penalty provided for the violation of that section is imprisonment "in the *penitentiary* not less than one year nor more than fifteen years." (Italics ours.)

That section in its present form was in force when Section 2131, General Code, was passed by the Legislature. The latter section provides that "Male persons between the ages of sixteen and twenty-one years convicted of felony shall be sentenced to the reformatory instead of the penitentiary."

Section 12421, General Code, provides that "whoever" violates it shall be imprisoned in the penitentiary, and male persons between the ages of 16 and 21 years who violate that section are included in the general description of "whoever." Section 2131, General Code, passed thereafter, makes provision for a special class of violators of said section, to wit, male persons between the ages of 16 and 21 years, and provides that they shall be sentenced to the reformatory instead of the penitentiary.

There is therefore an irreconcilable conflict in said statutes as to what institution such special class of violators of Section 12421, General Code, shall be sentenced.

To the situation thus presented we feel bound to apply the general rule that, where the general provisions of a statute are found to be in conflict with the express provisions of a later act relating to a particular subject, the latter will govern, although the words

of the earlier general act, standing alone, would be broad enough to include the subject to which the more particular provisions relate. *Thomas, Sheriff,* v. *Evans,* 73 Ohio St., 140, 76 N. E., 862.

The judgment of sentence in the *Charles Catalfo case* is reversed, and the cause remanded to the Common Pleas Court for resentence according to law.

As to the *Tony Merlo case:* He was found guilty of robbery (violation of Section 12432, General Code), and, although he was only 19 years of age, was sentenced to the penitentiary for an indeterminate period of not less than 10 years nor more than 25 years.

Section 12432, General Code, as Section 6818, Revised Statutes, was in force on April 23, 1902, when Section 7388-24, Revised Statutes, was amended, which section was substantially in the present form of Section 2131, General Code. Previous to that date, it was provided that persons convicted of the crime of robbery should be imprisoned in the penitentiary not more than 15 years nor less than 1 year, and, as has been said, in 1902 it was provided by what is now Section 2131, General Code, that male persons between the ages of 16 and 21 who were convicted of robbery should be sentenced to the reformatory; and if Section 12432, General Code, had not thereafter been amended, as it was on September 7, 1921, the reasoning in the aforementioned *Catalfo case* would compel us to reach the same conclusion in this case as was announced in the *Catalfo case.*

It is claimed, however, that inasmuch as Section 12432, General Code, was repealed and reenacted on September 7, 1921, when Section 2131, General Code, was in force, such reasoning is not applicable, the argument being that Section 12432, General Code, should be considered as if enacted in 1921, and that, as it provided that whoever violated that section should be sentenced to the penitentiary, its provisions

should govern although Section 2131, General Code, was then in force and required violators of that section between the ages of 16 and 21 to be sentenced to the reformatory.

Examination discloses that by such repeal and reenactment of Section 12432, General Code, the only change made therein was to change the minimum term from one year to ten years, and the maximum term from fifteen years to twenty-five years, and that otherwise the language of the section is the same as it was before such repeal and reenactment.

Section 2131, General Code, applied to a special class of violators—those between the ages of 16 and 21 years; Section 12432, General Code, was a general statute, applying to all violators of that section; and the specific question to be determined is whether the requirement of Section 12432, General Code, that violators should be sentenced to the penitentiary, should be considered as if passed after Section 2131, General Code, which required a certain class of violators to be sentenced to the reformatory.

In *In re Harry Allen,* 91 Ohio St., 315, 110 N. E., 535, paragraph 1 of the syllabus, it was determined that:

"1. Where there is reenacted in an amendatory act provisions of the original statute in the same or substantially the same language and the original statute is repealed in compliance with Section 16, Article II of the Constitution, such provisions will not be considered as repealed and again reenacted, but will be regarded as having been continuous and undisturbed by the amendatory act."

That pronouncement is in accordance with the general rule, and, applying that rule, we are of the opinion that the provision for sentence to the penitentiary contained in Section 12432, General Code, should be considered not as a new enactment by the Legislature on September 7, 1921, and should not in any way

affect the reasons and conclusions announced in the *Catalfo case*.

The facts relative to said amendment differ very materially from the facts considered by the Supreme Court in reference to the amendment of Section 12441, General Code, which was involved in the case of *Ex parte Fleming*, 123 Ohio St., 16, 173 N. E., 441. Before it was amended, that section made it an offense to enter certain named buildings (among which was a bank) and attempt to commit a felony, but provided a penalty for its violation of only one or two years in the penitentiary. As reenacted, that paragraph was just the same except that bank buildings were omitted from the list of buildings.

But that was not the only change made in the re-enactment of that section; a separate paragraph was added to it, and it related solely to banks, and created a new and distinct offense—to wit, entering a bank or other financial institution which receives private or public funds for safekeeping, and committing or attempting to commit a felony *with firearms or other deadly weapons,* and providing a penalty of life imprisonment unless mercy be recommended by the jury.

This new paragraph was complete in itself and entirely separate from the paragraph of the section which was amended, and was then enacted for the first time, and made no reference to and had no connection with the first paragraph of the section.

No such situation is presented by the amendment we are considering. We are clearly of the opinion that the Legislature, by the amendment involved in the instant *Merlo case,* did not intend in any way to affect the provisions of Section 2131, General Code, and this is apparent when we consider the circumstances and history of this legislation.

For at least seventy-five years the law required violators of the robbery statute to be sentenced to the

penitentiary—that being the principal penal institution of the state; recognition was given to the fact that it was an unwise public policy to confine youthful culprits with hardened criminals, although such youthful culprits had committed felonies, and accordingly the reformatory was established for the very purpose of changing that condition; and the Legislature, instead of amending all of the statutes that provided for sentence to the penitentiary, passed what is now Section 2131, General Code, which provides that "Male persons between the ages of sixteen and twenty-one years convicted of felony shall be sentenced to the reformatory instead of the penitentiary."

That was a statute applying to a special class, and it is evident that the Legislature intended that the general provisions in the criminal statutes relating to sentences to the penitentiary should be considered as containing an exception as to violators between the ages of 16 and 21, as provided in Section 2131, General Code, and at the time of said enactment of Section 2131, General Code, it had that effect, which effect we hold was not changed by the later repeal and reenactment of Section 12432, General Code.

Until the Legislature indicates an intention to change the public policy thus established, it is the duty of courts to carry out and make effective that public policy, and we are of the opinion that the change made in the robbery statute by the amendment and reenactment of the same in 1921 does not indicate an intention on the part of the Legislature to change such public policy.

The judgment of sentence in the *Tony Merlo case* is reversed, and the cause is remanded to the Common Pleas Court for resentence according to law.

*Judgments reversed and causes remanded.*

STEVENS, P. J., and DOYLE, J., concur.