Turner, J.
 

 This is an appeal from the Court of Appeals of Madison county in a
 
 habeas corpus
 
 action filed originally in that court. The appellant was indicted, tried and convicted of criminal libel under Section 13383, General Code, the pertinent part of which provides that a person convicted thereunder “shall be fined not more than $500 or imprisoned not more than five years, or both.” The trial court sentenced appellant to the penitentiary “there to be imprisoned under the rules and regulations of said institution for a period of not less than two (2) years, nor more than five (5) years, as provided by Section 13383 of the General Code * # #.”
 

 The appellant claims that the foregoing sentence was for a definite term and that therefore he is entitled as of right to the diminution of sentence for good behavior provided by Section 2163, General Code, and should have been released from custody on or before February 12, 1940.
 

 
 *326
 
 The question here presented is whether a sentence under Section 13.383, General Code, is governed by or constitutes an exception to the provisions of Section 2166, General Code, which provides in part:
 

 “Courts imposing sentences to the Ohio penitentiary for felonies, except treason, and murder in the first degree, shall make them general and not fixed or limited in their duration. All terms of imprisonment of persons in the Ohio penitentiary may be terminated in the manner and by the authority provided by law, but no such terms shall exceed the maximum term provided by law for the felony of which the prisoner was convicted, nor be less than the minimum term provided by law for such felony. * * * If through oversight or otherwise, a ‘ sentence to the Ohio penitentiary should be for a definite term, it shall not thereby become void, but the person so sentenced shall be subject to the liabilities of this chapter and receive the benefits thereof, as if he had been sentenced in the manner required by this section. As used in this section the phrase ‘term of imprisonment’ means the duration of the state’s legal custody and control over a person sentenced as provided in this section.”
 

 Appellant contends that Section 2166 does not apply because “there is no imprisonment ‘provided by law’ for the violation of Section 13383, General Code”; that such section authorizes the trial judge to provide for a term of imprisonment, if such judge deems proper; and that therefore the sentence imposed was for a definite term subject as of right to diminution under the provisions of Section 2163, General Code.
 

 Appellant further contends that Section 2166 applies only to offenses where the minimum as well as the maximum terms of imprisonment are specifically provided by statute. While there is some apparent confusion among the various statutes cited by appellant, it will be found that this is due to two reasons: (a) The necessity of caring for the transi
 
 *327
 
 tion period between changes in legislative policy, and (b) to provide for cases where the Legislature has made specific exceptions to the general rule laid down in Section 2166. As said by Judge Day in
 
 Reeves
 
 v.
 
 Thomas, Warden,
 
 122 Ohio St., 22, 24, 170 N. E., 646: “From 1913 to 1921, in cases of all felonies, sentences under Section 2166 were indeterminate in character. However, definite sentences provided for in Section 2163 might be imposed for felonies committed prior to the effective date of the indeterminate sentence law, even though such sentences were imposed after such date.” An example of a specific exception is to be found in the case of
 
 Ex parte Fleming,
 
 123 Ohio St., 16, 173 N. E., 441.
 

 Whether there be a conflict of policy toward prisoners receiving a definite sentence and those receiving an indeterminate sentence is immaterial here. Such difference may add to the apparent confusion but the Legislature has the power to make such discrimination.
 

 Section 12372, General Code, defines a felony as an offense which
 
 may
 
 be punished by death, or by imprisonment in the penitentiary. All other offenses are misdemeanors. Libel is therefore a felony which may be reduced to a misdemeanor by the trial court.
 

 The Court of Appeals in its opinion in this case and the writer in Vol. I, page 370, Attorney General’s Opinion for 1927, having traced the history of Section 2166 and related sections of the General Code, such history will be omitted here.
 

 We are of the opinion that it is the mandatory duty of a court, imposing a sentence to the Ohio penitentiary for the violation of Section 13383, General Code, to make such sentence general and not fixed or limited in duration, and that if through oversight or otherwise a sentence should be for a definite term, as in this case, it is not void' but that such sentence is to be treated as a general one.
 

 The provision in Section 2166, General Code, that a
 
 *328
 
 prisoner may not be detained beyond the maximum term provided by law or released prior to the minimum term provided by law in nowise authorizes a trial court to impose other than a general sentence under Section 13383, General Code, where no minimum is fixed. (The court is not here passing upon the effect of such provisions as are contained in Sections 12427,' 12437, 12441, and 13744-1
 
 et seq.,
 
 General -Code,
 
 inter alia.)
 
 Appellant may not complain that no minimum sentence is provided by statute. By the terms of Section 2166, his sentence was for confinement in the Ohio penitentiary until discharged by law. In appellant’s sentence there is no minimum to limit the action of the prison authorities. This is not prejudicial to the appellant.
 

 There is no analogy between the present case and
 
 Reeves
 
 v.
 
 Thomas, Warden, supra,
 
 which was decided under the Norwood Act (109 Ohio Laws, 64), requiring the trial court to fix a minimum period of duration of imprisonment.
 

 Neither is there any analogy between the present case and
 
 Ex parte Fleming, supra,
 
 wherein it was held that the statute under which sentence was given- contained an express provision which constituted an exception to the general rule.
 

 Being of the opinion that appellant’s sentence is governed by Section 2166 and that he is not entitled as of right to the diminution of sentence provided for in Section 2163, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.