Zimmerman, J.
Petitioner claims, first, that his plea of guilty was entered upon the definite understanding that his term of imprisonment would be for one year and no more, and that since he has fully served the sentence as imposed by the court he is entitled to immediate release. He contends, second, that he is entitled to release forthwith because he has been deprived of his liberty without due process of law or due course of law contrary to the guaranties of the federal and state Constitutions. These contentions are based on the premise that he had a right to stand trial on his original plea of not guilty and would have done so, but for the representation that, if he changed his plea to guilty, the limit of his confinement would be for only one year.
Everyone is presumed to know the law and “ignorance of the law excuseth no man.”
Section 2166, General Code (Section 5145.01, Revised Code), provides:
“Courts imposing sentences to the Ohio Penitentiary for felonies, except treason, and murder in the first degree, shall make them general and not fixed or limited in their duration. All terms of imprisonment *60 of persons in the Ohio Penitentiary may be terminated in the manner and by the authority provided by law, but no such terms shall exceed the maximum term provided by law for the felony of which the prisoner was convicted, nor be less than the minimum term provided by law for such felony. * * * If through oversight or otherwise, a sentence to the Ohio Penitentiary should be for a definite term, it shall not thereby become void, but the person so sentenced shall be subject to the liabilities of this chapter and receive the benefits thereof, as if he had been sentenced in the manner required by this section. As used in this section the phrase ‘term of imprisonment’ means the duration of the state’s legal custody and control over a person sentenced as provided in this section.”
As already noted, petitioner, represented by counsel, entered a plea of guilty to an indictment charging a violation of Section 12672-16 (7), General Code (Section 3719.17, Revised Code).
Section 12672-19, General Code (Section 3719.99, Revised Code), recites in part:
“Any person violating any provision of this act shall upon conviction be punished for the first offense by a fine not exceeding five hundred dollars, or by imprisonment for not exceeding five years, or by both such fine and imprisonment, and for any subsequent offense, by a fine not exceeding one thousand dollars, or by imprisonment for not exceeding five years, or by both such fine and imprisonment. * * *”
A felony is defined by Section 12372, General Code (Section 1.06, Revised Code), as an offense which may be punished by death or by imprisonment in the penitentiary. That section provides further that all other offenses are misdemeanors.
' Under the statute (Section 12672-19, General Code [Section 3719.99, Revised Code]), one who is convicted of or pleads guilty to the offense of possessing-instru *61 merits for the administration of narcotics may,-at the option of the court, be treated as a misdemeanant and fined, or may be treated as a felon and imprisoned for not exceeding five years.
Since the court exercised its option and sentenced petitioner to the penitentiary, we think the instant case is governed by the law announced in the case of Ex Parte Thorpe, 137 Ohio St., 325, 30 N. E. (2d), 335, where it was held that it is the mandatory duty of a court imposing a sentence to the penitentiary for the violation of. a criminal statute permitting or demanding such action to make such sentence general and not fixed or limited in duration, and if through oversight or otherwise a sentence is for a definite term (as happened in the case of the petitioner herein) it is not void but is to be treated as a general one.
Upon the petitioner’s plea of guilty, which he was not compelled to enter, and upon the imposition of sentence to the penitentiary, the statutory provisions prescribing the duration of such sentence became operative and controlling and neither the court nor anyone else possessed the authority, by agreement or otherwise, to limit the period of incarceration to a definite time, whereby the-petitioner would be entitled to-release upon the elapse of such time.
Petitioner does not claim he was coerced into entering. a plea of guilty. He did so voluntarily but with the expectation of being required to serve a sentence of one year. A plea of guilty to the offense charged is an admission of the offense for all purposes and it dispenses with the necessity of proof. Such plea authorizes the court to proceed to judgment. In our opinion, ..the irregularity of the sentence imposed subsequent to the plea did not constitute a denial of due process of law or due course of law within the meaning of those cpnstitutional terms.
Of course, the petitioner can not be kept in the peni *62 tentiary beyond five years for the offense to which he pleaded guilty, but his discharge before then is dependent upon parole, commutation of sentence or pardon as provided by law.
We find the allegations of the petition insufficient to entitle the petitioner to the relief sought and such relief is therefore denied.

Petitioner remanded to custody.

WEYGANDT, C. J., MlDDLETON, TaFT, HaBT, StEWABT and Lamneck, JJ., concur.