BLAKE *v.* SACKS, WARDEN.

(No. 6742—Decided May 16, 1961.)

*Mr. John G. Blake, in propria persona.*

*Mr. Mark McElroy,* attorney general, and *Mr. Aubrey Wendt,* for respondent.

BRYANT, J.   John G. Blake, an Ohio Penitentiary inmate, petitioner herein, in an original action filed in this court, seeks a writ of habeas corpus to release him from the custody of Beryle C. Sacks, warden of the Ohio Penitentiary, respondent herein. Blake alleges that he was sentenced to the penitentiary upon conviction of grand larceny (Section 2907.20, Revised Code) for a term of not less than one nor more than seven years, imposed by the Hamilton County Common Pleas Court during the November term, 1955.

Although only about five and one-half years have passed since Blake was sentenced, he alleges that "the sentence has expired to the full maximum, because there is no indication of loss [lost] time and there is no classification of dead time or of the sentence stoping [stopping] after date of imposition."

His claim is based upon the following:

"The Ohio General Code in Section 2163 reads in part as follows: 'A person sentenced to a term in the state penitentiary, reformatory or other penal institution of the state of Ohio *for a definite term* other than life, shall be entitled to the following diminution of good time:' etc."   (Emphasis added.)

This is followed by the allegation in the petition that prisoners sentenced for one year are allowed a deduction of five days per month and those sentenced for seven years shall be allowed a deduction of thirty months and twenty-four days from the maximum of seven years, from which Blake concludes that he was entitled to an absolute discharge after serving four years, five months and six days, which he claims made him entitled to release from the penitentiary on April 6, 1960.

The Attorney General of Ohio, as counsel for Sacks, has filed a demurrer to the petition on the ground "that it fails to show a cause of action."   In the brief in support of the demurrer, after referring to Section 2163, General Code, cited by Blake, respondent contends "that the matter in question is also covered by Section 2965.31 of the Ohio Revised Code, which is

titled, 'Diminution of minimum sentence for good behavior.' "

Respondent insists that Section 2965.31, *supra,* "provides for reduction of time within which a prisoner is eligible for parole and does not reduce the term of imprisonment," citing *Ex parte Tischler,* 127 Ohio St., 404.

A clear distinction must be drawn between diminution of sentence for good behavior in the case of a prisoner sentenced "for a definite term other than life," which under Section 2163, General Code, had the effect of reducing the definite term, and diminution of minimum sentence for good behavior which was provided for in Section 2210, General Code, now Section 2965.31, Revised Code, which shortens the time required to elapse before the prisoner becomes eligible for parole.

We are unable to identify the source from which Blake quoted Section 2163, General Code, which in its latest form read in part as follows:

"A person confined in the penitentiary, or hereafter sentenced thereto *for a definite term* other than life, having passed the entire period of his imprisonment without violation of the rules and discipline, except such as the board of managers shall excuse, will be entitled to the following diminution of his sentence: "(a) A prisoner sentenced for a term of one year shall be allowed a deduction of five days from each of the twelve months of his sentence.

"* * * *

"(f) A prisoner sentenced for a term of six or more years, shall be allowed a deduction of eleven days from each of the months of his full sentence." (Emphasis added.)

Section 2163, General Code, in a case also involving a grand larceny conviction, in which the trial court imposed a minimum sentence which was also the maximum, was held to authorize a reduction in the maximum term and, as a result, the release of a prisoner in less than seven years was ordered by the Supreme Court. See *Reeves* v. *Thomas, Warden,* 122 Ohio St., 22, in which the syllabus is as follows:

"When a trial judge, authorized to fix, within the limits prescribed by law, a minimum period of duration of imprisonment in the penitentiary for a felony, has imposed a sentence 'for a period of seven years,' and the maximum sentence pro-

vided by law for such offense, to wit, grand larceny, is seven years, such sentence becomes a definite one, and the person so sentenced is entitled to the benefits of the diminution of sentence for good behavior as provided in Section 2163, General Code.''

In the *Reeves case, supra*, it was determined that the trial court had imposed a definite or fixed term sentence, the decision being announced on March 5, 1930. Later in the same year another case was brought before the Supreme Court in which the petitioner had been sentenced for ''not less than one year and not more than fifteen years'' for robbery, the petitioner contending that under the provisions of Section 2163, *supra*, he was entitled to a diminution of sentence for the reason that for fifteen years the state could deprive him of his freedom.

This was the case of *O'Neill* v. *Thomas, Warden*, 123 Ohio St., 42, in which the Supreme Court held that Section 2163, General Code, applied only to prisoners receiving fixed and definite sentences and that it did not apply to O'Neill who had received a ''general and indeterminate sentence under the provisions of Section 2166, General Code.'' The syllabus in the *O'Neill case, supra*, reads as follows:

''Section 2163, General Code, providing for diminution of sentence for good behavior, applicable to persons confined in the Ohio penitentiary for a definite term, does not apply to a prisoner who has received a general sentence under the· provisions of Section 2166, General Code, the board of clemency having power, under the statute, in that class of sentences, to reward good conduct and obedience to rules of the penitentiary.

It should be noted that Section 2166, General Code, since the amendment provided in 114 Ohio Laws, 188, effective in 1931, has required that all sentences in criminal cases shall be ''general and not fixed or limited in their duration.'' This section is now known as Section 5145.01 of the Revised Code and provides in part as follows:

''Courts imposing sentences to the penitentiary for felonies, except treason, and murder in the first degree, shall make such sentences general and not fixed or limited in their duration. All terms of imprisonment of persons in the penitentiary may be ended in the manner provided by law, but no such terms shall

exceed the maximum term provided for the felony of which the prisoner was convicted, nor be less than the minimum term provided for such felony.''

This discussion of the question presented by Blake in his petition has been somewhat extended to illustrate that there is a sharp distinction between a definite-term sentence and the general or indefinite-term sentence required under Section 5145.01, *supra*, and that in the latter type the provisions of Section 2965.31, Revised Code, shorten the minimum only.

It also must be pointed out that in the period of transition from (1) fixed sentences, followed by (2) fixed minimum sentences, and still later followed by (3) general or indeterminate sentences, the power to reduce a maximum term of imprisonment in case of good behavior was given to the Pardon and Parole Commission, with the result that in 1947, in 122 Ohio Laws, 239, Section 2163 of the General Code and 27 other sections, which had become obsolete, antiquated or redundant, were repealed.

It has been held that that commission exercises a discretion prior to the ''expiration of the maximum period of his sentence and before his final release by that commission,'' which may not be reviewed in habeas corpus proceedings. See *In re Varner*, 166 Ohio St., 340, in which the syllabus reads as follows:

''The action of the Pardon and Parole Commission, in declaring a paroled convict to be a parole violator before the expiration of the maximum period of his sentence and before his final release by that commission or pursuant to executive clemency, is not reviewable in a habeas corpus proceeding, even though such convict has been returned to the penitentiary or to the reformatory because of such action.''

For the reasons above set forth, we are of the opinion that the petition fails to show a cause of action, and that the demurrer thereto is well taken and must be sustained and the petition dismissed.

*Petition dismissed.*

DUFFEY, P. J., and DUFFY, J., concur.