### THORPE v AMRINE

Ohio Appeals, 2nd Dist, Madison Co.

No. 147. Decided April 16, 1940.

A. K. Meck, Dayton, for plaintiff.
Thomas J. Herbert, Attorney General, Columbus; Cray Davis, Asst. Attorney General, Columbus, for defendant.

## OPINION

By HORNBECK, PJ.

Plaintiff seeks in this action in habeas corpus to secure his release from the London Prison Farm where he is a prisoner under sentence of the Common Pleas Court of Summit County, Ohio.

It appears from the agreed statement of facts that plaintiff was indicted for, tried and convicted of the offense of criminal libel under §13383 GC and sentenced to the Ohio State Penitentiary for a period of not less than two (2) years nor more than five (5) years. Plaintiff was received at the Ohio Penitentiary October 3, 1936, transferred to the London Prison Farm on June 17,

1938. June 10, 1938, the Parole Board, after due advertisement, "continued the question as to whether or not plaintiff should be paroled, until the expiration of his maximum sentence". "Plaintiff has passed the entire period of his imprisonment without violation of the rules and discipline of both and each of the institutions in which he has been confined."

If the Parole Board acted in conformity to law in continuing the question of the release of plaintiff until the expiration of his maximum sentence he may not be discharged until October 2, 1941. If he is entitled to the good time which he has earned he should have been released of date February 3, 1940.

The plaintiff insists that the latter view of the law should be taken by this court and the state, that the former statement of the law is correct.

The briefs, particularly that of the defendant, are extended. The sole determinative question is whether or not the section under which the plaintiff was sentenced provides for a definite sentence and if so, was such sentence pronounced.

The section under which plaintiff was convicted, §13383 GC, effective August 30, 1935, provided,

"Whoever writes, prints or publishes a false or malicious libel of or concerning another, * * *, shall be fined not more than $500.00 nor imprisoned more than five years, or both."

The determination whether or not an offense committed under this section is a misdemeanor or a felony is made by the trial judge in the pronouncement of the sentence. The offense was classified as a felony by virtue of plaintiff's sentence to the penitentiary.

Sec. 2166 GC enacted in the present form in **114 O. L. 188** of date April 10, 1931, insofar as germane to our question provides:

"Courts imposing sentences to the Ohio Penitentiary for felonies, except treason, and murder in the first degree, shall make them general, * * * and not fixed or limited in their duration. * * * If through oversight or otherwise a sentence to the Ohio Penitentiary should be for a definite term, it shall not thereby become void, but the person so sentenced shall be subject to the liabilities of this chapter and receive the benefits thereof, as if he had been sentenced in the manner required by this section."

This section number had, from as early a date at March 24, 1884, **81 O. L. 74,** provided that:

"Every sentence to the institution of a person hereafter convicted of a felony, except for murder in the second degree, who has not previously been convicted of a felony and served a term in a penal institution, shall be, if the court having said case thinks it right and proper to do so, a general sentence of imprisonment in the penitentiary."

This provision authorizing the trial judge to administer a general sentence was carried into the acts of April 14, 1884, **81 O. L. 186,** April 11. 1890, **87 O. L. 114,** and requirement that sentences be general is found in the act of February 13, 1913, **103 O. L. 29,** but further that no such terms should be less than the minimum term provided by law nor more than the maximum so provided. The act of March 15, 1921, **109 O. L. 64,** provided for general sentences but required the trial judge to fix a minimum within the limits prescribed by law. The present law was effective as of August 3, 1931, **114 O. L. 188.**

May 4, 1891 House Bill No. 1713 was enacted, **88 O. L. 557,** a part of which was in the following language,

"In order that good behavior, fidelity and diligence in the performance of duty may be properly rewarded, each convict now confined in any penal institution within the state, or who may hereafter be sentenced for a definite term other than for life, and who shall pass the entire period of his imprisonment without violation of the rules and discipline except such as the Board of Managers shall excuse, will be entitled to diminish the period of sentence under the following rules and regulations."

Thereafter are set forth the various deductions of time allowed for good behavior and observance of the rules for different terms of sentences extending from one year up to the limit of a sentence under the statute. This act with modification only in phraseology has been carried continuously in our statutes and is now §2163 GC.

**Sec. 2164 GC** authorizes the Board of Managers, now the Pardon and Parole Commission, to deduct from a prisoner "a part of all of the good time gained, for a violation of the rules of discipline or want of fidelity or care in the performance of work, according to the aggravated nature or the frequency of the offense."

Sec. 2210 GC passed April 10, 1931, 114 O. L. 530, provides:

"A person confined in a state penal institution and not eligible to parole before the expiration of a minimum sentence or term of imprisonment or hereafter sentenced thereto under a general sentence who has faithfully observed the rules of said institution shall be entitled to the following diminutions of his minimum sentence."

Then follow the periods of diminution allotted beginning with a sentence of 12 months and extending up to the maximum sentence. These periods are identical with those fixed in §2163 GC. Sec. 2210 GC continues,

"At the expiration of the minimum sentence diminished as herein provided, each prisoner shall be eligible for parole as provided by law."

Thus, it appears that any prisoner who is serving a definite sentence for a felony other than for life is entitled as a matter of right to a diminution for good time for a period fixed by §2163 GC which is applicable to his sentence. If, however, he is serving under a general sentence then he is ▮▮▮▮▮▮ ▮ only entitled as a matter of right to his good time for the purpose of reducing his minimum sentence for the period applicable under §2210 GC at which time he is eligible for parole, this section, however, having no effect to assure the prisoner any benefit of good time as against the maximum term of his general sentence.

The inconsistent philosophy of §§2210 and 2163 GC is apparent. We are without ability to find any underlying reason which will accord the right to a prisoner serving a definite sentence to have his maximum term reduced by his good time and deny that right to one serving an indeterminable sentence whose maximum term is fixed by statute, unless there may be the opinion that prisoners sentenced to a definite term have a vested right under §2163 GC. _State ex rel v Allman, 27 Abs 355. However, we readily grant that the subject matter of §2210 GC is well within the legislative domain and that it is our obligation to accept and interpret the law as we find it and in no sense to undertake to legislate.

With this obligation in mind we are remanded to a consideration of the one question, namely, was the sentence of the plaintiff definite or was it general?

We are of opinion that although the sentence in form, as pronounced, must be found to be definite because it undertook to fix a minimum imprisonment for felony in excess of the minimum contemplated by the statute and a definite maximum, the term of imprisonment as fixed by the §2166 GC, is in our judgment general and indeterminate, namely, the shortest period of imprisonment in the penitentiary, within which the prisoner could be legally eligible to

parole, to five years, the ██ maximum term fixed by the statute. This is in accord with the letter and spirit of §2166 GC, which undertakes to make all sentences, except for those offenses especially excepted, general and not fixed or limited in their duration. To accomplish this intent the section specially provides that even though the trial judge attempts to fix a definite term the terms of the statute will have application and it will be considered and effective as a general term.

Counsel are agreed in this case that to effectuate the release of the plaintiff it is essential that it appear that he was properly sentenced for a definite term. The case of **Reeves v Thomas, Warden, 122 Oh St 22**, would clearly have application to support the claim of the plaintiff here if the law controlling the power of the trial judge to sentence in this case was the same now as at the time of the judicial pronouncement. The distinction arises in the fact that in the cited case the trial judge was acting under authority of the Norwood Act which authorized and required the trial judge to fix a minimum sentence. The court pronounced a sentence of 7 years which thereby became the minimum and the maximum which very properly was held to be a definite sentence as against which the prisoner was entitled to the benefits of diminution for good behavior as provided in §2163 GC. Judge Allen in **Ex Parte Tischler, 127 Oh St 404 at p. 410**, et seq. employs language which is very helpful in the situation presented in the instant case. On page 411—

"Under the law as it now exists, the safeguard for the prisoner must be in the conscientious, fair-minded, and humane viewpoint of the Board of Parole. A discretionary duty, with great power, is confided to the Board under the statutes. Under this discretionary power, a petitioner is not entitled as a matter of right to receive a parole at the expiration of his minimum sentence prior to the expiration of his maximum sentence. Quoting the words of the statute (§2211-6 GC), the Board of Parole has 'continuous and exclusive power to determine the time when' any prisoner confined in a penal or reformatory institution may be allowed . to go upon parole. The Legislature could hardly have made a more all-inclusive grant of power to such a board, and if such power should not exist, the remedy lies, not with this court, but with the Legislature."

We are not without authority on the question here presented. In case No. 27405, State v Atkins, unreported, decided December 14, 1938, the Court of Appeals of Lawrence County had under consideration for review a judgment of conviction of Atkins of assault upon a female child under 14 years of age, §12423-1 GC. The penalty fixed by the statute was a fine of "not more than $1000.00, or imprisonment in the penitentiary not more than ten years, or both such fine and imprisonment, in the discretion of the court". The trial judge, in passing sentence, fixed a minimum of five years. The Court of Appeals held that the section did not permit the fixing of a definite sentence, but required the imposition of a general and indeterminate sentence and modified the judgment accordingly. It will be noted that §12423-1 GC, like §13383 GC, under which plaintiff was convicted, are alike in that neither section fixes a minimum sentence. There is more doubt about the right of the trial judge to fix a minimum sentence under §12423-1 GC than under §13383 GC for the reason that the former section provides that the penalty may be fixed in the discretion of the court. This language is not carried in the latter section. We are cited to **State ex rel Flora v Allman, 27 Abs 355**, wherein we expressed the opinion that the sentence contemplated under §12441 GC was not for an indeterminate tenure. We do not say that sentences for all felonies other than murder or treason must be general if there was conflict between the specific terms of the statute under which the conviction was had and §2166 GC. If such a situation de-

veloped, clearly the specific provisions would control over the general terms of §2166 GC. There is no such conflict in the instant case and the language of §13383 GC fixing the term of the imprisonment thereunder ▮ may be construed in pari materia with the subject matter of §2166 GC.

We, therefore, conclude that the plaintiff's term of imprisonment is fixed by §2166 GC and that in effect it is general and not definite and that, although he has been and ▮ is eligible for parole, §2210 GC, the right to grant it rests with the Board of Pardon and Parole and that if he is not paroled or pardoned before the maximum period of his sentence, for violation of §13383 GC, he must serve the maximum period therein fixed.

The writ will be denied.

GEIGER & BARNES, JJ., concur.

### ON MOTION FOR NEW TRIAL

No. 147. Decided May 2, 1940.

BY THE COURT:

The motion for new trial may be overruled and the judgment entry in accord with the original decision prepared.

HORNBECK, PJ. & BARNES, J., concur. GEIGER, J., not participating.