OPINION
By HORNBECK, J.
This is an appeal on questions of law from a judgment of the Common Pleas Court, granting a writ of habeas corpus directed to defendant, the Warden of the Ohio Penitentiary, commanding him to release plaintiff-appellee, who is a prisoner in the Ohio Penitentiary.
Appellee has filed a motion to dismiss the appeal for the reason that no bill of exceptions has been filed in this Court and it is stipulated that no stenographic record can be prepared, settled and allowed as a bill of exceptions in the trial court.
This motion will be overruled for the reason that the error assigned may be raised upon the averments of the petition in conjunction with the judgment of the trial Court and the law applicable to the facts, of which this Court must take cognizance.
It appears from the petition that the plaintiff, an inmate of the Ohio Penitentiary, was sentenced by the Common Pleas Court of Cuyahoga County on or about September 15, 1939, to the Ohio Penitentiary for a period of from one to three years, for the offense of issuing a check with intent to defraud; that on August 2nd, 1940, after a hearing before the Parole Commission it *398 ruled that he should serve his maximum sentence of three years; that the plaintiff is an honor prisoner, entitled to good time which, if employed to reduce the full term of his sentence, would have required his release from the institution on December 1, 1941. It also appears from a statement of counsel, although not averred in the petition, that the defendant-board, on March 19, 1942, again continued the question of the parole of plaintiff until the expiration of his maximum sentence. It is averred, in substance, that the action of the Parole Board in continuing consideration of the granting of a parole to the plaintiff until the expiration of his maximum sentence accomplished thereby an order of confinement which was tantamount to a definite sentence, requiring the benefits of §2163 GC to be accorded to the plaintiff.
It is claimed that if the construction is given to the statute that ■certain classes of prisoners must be given the benefit of good time under §2166 GC, namely, when sentenced to a definite term, and denied to others who were given a general sentence, then such provision as relates to the plaintiff is unconstitutional, because discriminatory and not of uniform operation. Plaintiff also claims that §2163 GC should be given a construction different than any heretofore adopted by any court which had it under consideration. The construction urged is illustrated by that portion of the statute underscored, “a person confined in the Penitentiary, or hereafter sentenced thereto for a definite term ether than life, having passed the entire period of his imprisonment without violation of the rules of discipline, except such as the Board of Managers shall excuse, will be entitled to the following diminution of his sentence.” It is said that the language “a person confined in the Penitentiary” has application not only to those who were so confined at the time the enactment of the section became effective, but to all who were thereafter confined in the Penitentiary. In view of the language following, “or hereafter sentenced thereto for a definite term other than life”, it is our judgment that the underscored portion of the statute had reference only to those persons confined in the Penitentiary at the time §2163 GC became effective.
Upon the claim of unconstitutionality, although not directly urged when considered in Ex parte Thorpe, 31 Abs 365, 66 Oh Ap 128, we did express the opinion that, the subject matter of §2210 GC, providing for probation and diminution of minimum sentence for good behavior “is well within the legislative domain * We are satisfied that the act is not unconstitutional in the particulars asserted nor for any other reason.
We come then to the two material and determinative questions presented by the facts which must be admitted under the averments of the petition, namely, (1) Was the sentence of the plaintiff as pronounced by the trial judge general in its terms? (2) If so, did the action of the Parole Board in continuing plaintiff’s hearing on his right to the maximum term of his sentence constitute the fixing of a definite term of sentence? There can be no doubt that the first question must be answered in the affirmative. We are of the opinion that the second must be answered in the negative.
The identical situation found in the instant case was presented to this Court in Ex Parte Thorpe, supra. There thé petitioner was *399 sentenced generally to the Ohio State Penitentiary. He was entitled to good time which, if accorded to him, would have required his release on February 3, 1940, but the Parole Board continued the question of his release until the expiration of his maximum sentence which was until October 2, 1941. We there held that his sentence was general; that he was subject to §2210 GC, and that he was not entitled as a matter of right to the benefits of §2163 GC, and that determination whether or not he should be accorded the benefits of his good time was left to the discretion of the Parole Board. It is obvious that that which the Parole Board did in the Thorpe case is identical with its action here.
The second question, namely, whether or not the action of the Board constituted the fixing of the equivalent of a definite sentence, was not urged nor considered by us in the Thorpe case. It would appear obvious that nobody other than duly constituted judges may pronounce sentences for the commission of felonies, and that no action which the Parole Board may take may operate to change the character of such sentences. Then, too, it is obvious that such is not the intent of the Parole Board when it continues the hearing of a case until the expiration of a maximum sentence. The language indicating a continuance could not in any proper connotation be construed as the equivalent of an order fixing or modifying the sentence of the Court.
It is our judgment that the status of the plaintiff under the general sentence pronouneed by the trial judge and under the statutes affecting his right to parole and good time was not changed in any particular by the order of the Parole Board continuing his case until the expiration of his maximum sentence.
The Board at all times had the right to take the matter up and consider it, to accord to the plaintiff the benefit of his good time or to deny it in the exercise of its authority as announced in Ex Parte Tischler, 127 Oh St 404, 410, 411. The prayer of the petitioner should have been denied, and it will-be so ordered in this Court, and judgment reversed and cause remanded.
This opinion is released promptly and without more extended discussion so that the plaintiff may, have the opportunity, if desired, of presenting his question on appeal to the Supreme Court, inasmuch as time is so manifestly of the essence of his rights in this case.
GEIGER, PJ., & BARNES, J., concur.