SMITH, Petitioner-Appellee, v. ALVIS, Warden, Ohio Penitentiary, Respondent-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4950.   Decided September 25, 1953.

Bert Whitman, Warren, Hugh S. Jenkins, Columbus, for petitioner-appellee.

Hon. C. William O'Neill, Atty. Genl., Thomas R. Lloyd, Asst. Atty. Genl., Columbus, for respondent-appellant.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court sustaining the application of the appellee, Wilson E. Smith, for a discharge from the Ohio Penitentiary on a writ of habeas corpus. The record reveals that the appellee entered a plea of guilty to the offense of possessing obscene pictures in violation of §13035 GC. The sentence of the Court was "that he be imprisoned in the Penitentiary of this state and kept at hard labor (no part of said time to be kept in solitary confinement) until legally discharged. And that said imprisonment shall be for a period of duration not less than one year * * *." Upon the completion of the one year sentence action was instituted for a writ of habeas corpus in the Common Pleas Court of Franklin County, Ohio.

The question presented is whether §2166 GC has application since the penalty for the offense is for "not less than two hundred dollars nor more than two thousand dollars or imprisoned not more than seven years or both." This section provides in part as follows:

"Courts imposing sentences to the Ohio penitentiary for felonies, except treason, and murder in the first degree, shall make them general and not fixed or limited in their duration. All terms of imprisonment of persons in the Ohio penitentiary may be terminated in the manner and by the authority provided by law, but no such terms shall exceed the maximum term provided by law for the felony of which the prisoner was convicted, nor be less than the minimum term provided by law for such felony. * * * If through oversight or otherwise, a sentence to the Ohio penitentiary should be for a definite term, it shall not thereby become void, but the person so sentenced shall be subject to the liabilities

of this chapter and receive the benefits thereof, as if he had been sentenced in the manner required by this section. As used in this section the phrase 'term of imprisonment' means the duration of the state's legal custody and control over a person sentenced as provided in this section."

A felony is defined by §12372 GC as an offense which may be punished by death or imprisonment in the penitentiary. Since the sentence imposed was not less than one year in the Ohio Penitentiary it must be found that the trial court determined the violation constituted a felony. Such being the case the sentence should have been general and not fixed as to duration. The sentence was not void but subjected the appellee to the liabilities of §2166 GC the same as if the sentence had been general in the first instance. This statute is so fully analyzed in the case of **Ex Parte Thorpe, 66 Oh Ap 128, 137 Oh St 325,** that further comment seems not to be necessary.

It is our conclusion that the Court erred in its judgment and the same will be ordered reversed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.