The STATE, ex rel. GLOVER, Appellant,

v.

SEITER, Appellee.

[Cite as *State, ex rel. Glover, v. Seiter* (1988), 61 Ohio App.3d 27.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–609.

Decided Dec. 22, 1988.

*Eddie C. Glover, pro se.*

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Robert L. Griffin,* for appellee.

WILLIAM F. BROWN, Judge.

Relator, Eddie C. Glover, appeals from an order of the Franklin County Court of Common Pleas granting summary judgment in favor of respondent, Richard Seiter, Director of the Ohio Department of Rehabilitation and Correction, on relator's original action in mandamus.

Relator filed an action in mandamus on November 24, 1987, seeking to compel respondent to recompute the lengths of various prison sentences imposed upon him and to recalculate relator's initial parole eligibility hearing date. Essentially, relator contends that an additional six months of imprisonment, beyond that imposed by the court, was added to his sentence by respondent, thus causing his parole eligibility hearing date to be scheduled later than it should be. He also asserts that respondent erroneously modified a definite three-year sentence imposed on him by the Cuyahoga County Common Pleas Court, to a three-to-fifteen-year sentence.

In all, eight separate sentences were imposed on relator. Of the eight, four are relevant for purposes of this appeal, as follows:

| | |
|---|---|
| CR–187239: | six months |
| CR–190040: | eighteen months |
| CR–194447: | twelve months |
| CR–194946: | three years |

Relator argues that CR–187239 and CR–190040 are to be served concurrently. Both are previously suspended sentences which were reinstated upon relator's violating parole. Inasmuch as the trial court entries which reimpose the sentences are silent as to whether the two sentences are to be served consecutively or concurrently, the provisions of R.C. 2929.41(A) are applicable. That section states in pertinent part:

"Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. * * * *"

Likewise, R.C. 5145.01 mandates that terms of imprisonment which are imposed for two or more felonies are to run concurrently "except if the consecutive sentence provisions of section 2929.41 of the Revised Code apply. * * * *" Since none of the circumstances listed in division (B) applies, the statutes dictate that CR–187239 and CR–190040 are to be served concurrently.

Further, the trial court entries regarding CR–194447 and CR–194946 specify that they are to be served concurrently. However, the entries also order that the latter are to be served consecutively to the parole violation cases, CR–187239 and CR–190040. The other four sentences not listed above are to run concurrently with relator's other charges. Relator, therefore, argues that the definite sentence imposed on him should be four and one-half years, not five.

Relator also contends that respondent modified the sentence imposed in CR–194946 from three years to an indefinite three to fifteen years.

Subsequent to answering relator's complaint in mandamus, respondent filed a motion for summary judgment, contending that relator had not met the requirements of mandamus, in that he had no clear legal right to the relief sought. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. In his motion, respondent argued that relator's sentence was correctly calculated as being a two-year sentence consecutive to a three-to-fifteen-year sentence; that the maximum term of fifteen years in CR–194946 was mandated by statute, R.C. 2929.11(B)(2)(a); and that relator's initial parole eligibility hearing date was correctly determined to be April 1988.

Relator responded to the motion for summary judgment. On June 22, 1988, the trial court granted the motion, stating in part that:

"The Court must take judicial notice of the law of Ohio establishing an indeterminate maximum sentence of fifteen (15) years for the offense of Robbery. All other calculations made by Respondent appear to be correct."

Relator timely filed a notice of appeal, and sets forth the following assignment of error:

"The Common Pleas Court erred in finding that no genuine issues of material fact [*sic*], and failed in its duty to enforce the law (Entry of Sentence) within its jurisdiction."

As in his complaint, relator on appeal argues that his probation violation cases, CR–187239 and CR–190040, are to be served concurrently for a total time period of eighteen months. Again, CR–187239 carried a sentence of six months and CR–190040 imposed eighteen months. It appears that relator is contending that respondent has, in effect, added six months to relator's sentence by treating the two sentences as though they were to be served consecutively, rather than concurrently.

In the affidavit attached to its motion for summary judgment, respondent agreed that CR–187239 (six months) and CR–190040 (eighteen months) were to run concurrently. However, the affidavit states later that relator was to "begin serving a sentence of two (2) years," rather than the eighteen months which would result from the two charges being served concurrently. Respondent repeats this argument in its brief on appeal.

█ Summary judgment, under Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be granted with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the non-moving party. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615. Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

█ In the present case, we disagree with the trial court that there is no genuine issue as to any material fact. Relator's two parole violation cases, when considered together, impose a total sentence of eighteen months since the six-month sentence is to be served concurrently with the eighteen-month sentence. R.C. 2929.41(A). However, respondent insists that a calculation of two years is correct. Clearly, this difference of six months could affect the date of relator's initial parole eligibility hearing. Using the "computation worksheet" attached to respondent's motion for summary judgment, and assuming a sentence of eighteen months rather than two years, it appears that relator could be eligible for a hearing approximately four and one half months earlier than calculated by respondent.

Thus, a genuine issue of material fact exists as to whether relator's total minimum sentence is four and one-half or five years. To this extent,

summary judgment was erroneously granted to respondent, and the assignment of error must be sustained in part.

■ Relator also argues that the trial court erred in granting summary judgment on the issue of whether respondent improperly changed the sentence imposed in CR–194946. Relator was convicted under that count of robbery, an aggravated felony of the second degree. R.C. 2911.02. The trial court sentenced relator to three years at the Chillicothe Correctional Institute. However, relator argues that his records now reflect a sentence of three to fifteen years rather than the definite three-year sentence which has been imposed. He asserts further that, even assuming the trial court entry is flawed, respondent is without authority to correct such flaws, under the authority of 1986 Ohio Atty.Gen.Ops. No. 86–034.

This argument is without merit. R.C. 2929.11(A) states, in pertinent part:

"Whoever is convicted of or pleads guilty to a felony other than aggravated murder or murder * * * *shall be imprisoned for an indefinite term* and, in addition, may be fined or required to make restitution, or both. *The indefinite term of imprisonment shall consist of a maximum term as provided in this section and a minimum term fixed by the court as provided in this section.* * * * *" (Emphasis added.)

Thus, having committed a felony other than aggravated murder or murder, relator was required to serve an indefinite sentence with a statutorily mandated maximum term. Under R.C. 2929.11(B)(2)(a), the maximum term for the offense of robbery, an aggravated felony of the second degree, is fifteen years. Thus, although not specifically set out in the trial court's entry of sentence, an indeterminate sentence of at least three and not more than fifteen years was properly calculated in determining relator's sentence.

■ Moreover, relator's contention that respondent should be bound by the three-year language in the court's entry is untenable in this case. R.C. 5145.01 provides as pertinent herein:

"If, through oversight or otherwise, a sentence to the penitentiary should be for a definite term for an offense for which a definite term of imprisonment is not provided by statute, the sentence shall not thereby become void, but such person shall be subject to the liabilities of such sections and receive the benefits thereof, as if he had been sentenced in the manner required by this section."

Thus, despite the apparent oversight in the initial trial court entry, relator is subject to the three-to-fifteen-year sentence mandated by R.C. 2929.11(B)(2)(a). See, also, *Smith v. Alvis* (App.1953), 72 Ohio Law Abs. 267, 134 N.E.2d 868.

Summary judgment was therefore properly granted on this issue, and the assignment of error is overruled in part.

Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded for further proceedings consistent with law and in accordance with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

WHITESIDE, P.J., and BOWMAN, J., concur.

WILLIAM F. BROWN, J., retired, of the Coshocton County Common Pleas Court, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.