Marshall, C. J.
 

 No. 23215. is an application for the writ of
 
 habeas corpus,
 
 and No. 23216 is a petition for mandamus.
 

 The relator, Blanche B. Halsey, was convicted of second degree murder and sentenced to life imprisonment. A petition was filed in the Court of Appeals of Wood county to review that judgment, and an application was made to the court of common pleas to admit the accused to bail during the pen
 
 *319
 
 deucy of the error proceedings. By virtue of Section 13453-1, General Code, the court of common pleas refused to suspend execution of sentence, and refused to fix the amount of the bail bond or to admit her to bail. On the contrary, he entered an order canceling the bond which had theretofore been given during the pendency of the cause, before trial and conviction. Thereupon an application was made in the Court of Appeals for suspension of sentence, and bail, and that court suspended the sentence, but refused to admit the accused to bail. Thereupon the application for a writ of
 
 habeas corpus
 
 was made in this court, which was denied, and this action was followed by a petition in mandamus to compel the judges of the Court of Appeals to admit the accused to bail pending the disposition of the error proceedings.
 

 It is claimed on behalf of the accused that this controversy is governed by Section 9 of the Ohio Bill of Bights: “All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident, or the presumption great.”
 

 The question which has been submitted to this court is whether under the mandate of the Bill of Bights it is in the power of the General Assembly to deny reasonable bail to any person convicted of any offense, other than a capital offense, during the pendency of the proceeding in error.
 

 Section 13453-1 provides that, after conviction and notice in writing to the trial judge of an intention to file a petition to review the conviction, the judge may in his discretion suspend execution of the sentence for such time as will give the accused time to prepare and file such petition, “and such judge in
 
 *320
 
 all bailable eases, except those in which the punishment is imprisonment for life, may release the defendant upon a recognizance with sufficient surety to be approved by the judge,” etc. Other sections of the Criminal Code provide for increasing or reducing bonds which have been ordered in the trial court, but the Code contains no provision for the Court of Appeals fixing the amount of a recognizance or admitting persons to bail who have not been so admitted in the trial court. It is quite clear, therefore, that the court has no original authority in any case, and that the trial court has no authority, after conviction, where the punishment is imprisonment for life. The relator is only entitled to the relief sought, if the statutes are unconstitutional.
 

 Upon reason and principle it would seem that it could not have been in the mind of the constitutional framers to admit -to bail in cases after conviction, except in the discretion of the trial judge. The inclination to escape is vastly increased after conviction. If the constitutional provision be given the sweeping meaning which has been argued in this case, the result would be that all convicted persons of all crimes could be admitted to bail, even after judgments were affirmed in the highest courts of the state.
 

 This question, however, is not one of first impressions. It was before this court in
 
 State
 
 v.
 
 Clark,
 
 15 Ohio, 595. In that case there was no statute which authorized suspension of sentence and discharge upon bail. The trial judge, however, did suspend the execution, and discharged upon bail. The prisoner escaped, the bond was declared forfeited, and a suit was brought to recover the penalty of
 
 *321
 
 the bond. The suit was defended on the ground that there was no authority to grant bail, and therefore the bond was a nullity. This contention was sustained; the court making the following observation: “Before conviction, all persons, as limited by the constitution, are bailable. After conviction, it depends upon the statute whether they shall be let to bail or not. In this case, the act not authorizing bail, the judge had no power to direct the recognizance, and it is therefore void.”
 

 That case was decided in 1846. In 1884 the question was again before this court in
 
 Hampton
 
 v.
 
 State,
 
 42 Ohio St., 401. In that case there had been a conviction of perjury, and during the pendency of a motion for new trial defendant entered into a new recognizance for his appearance at the time of the disposition of the motion for new trial, during the same term. He did not appear in court on the day named, but left the state. The recognizance was declared forfeited, and, on suit to recover upon the bond, there was a recovery on the theory that the power to admit to bail had not been taken away until sentence. The statute at that time, Section 7325, Revised Statutes, provided: “When a person is sentenced for a felony, and execution of the sentence is suspended, the court shall order him into the custody of the sheriff, to be imprisoned until the case is disposed of.”
 

 This statute does not differ materially from Section 13453-1. In disposing of the matter, the court made the following observation: “in all cases of felony after verdict of guilty, the court, on application to admit to bail, will take into account the verdict rendered in the case, and in the light of all the
 
 *322
 
 facts can administer justice by a due exercise of judicial discretion and legal power.”
 

 The- court in that case made the further observation that bail could not be demanded as of right pending the motion for a new trial, but that bail could be granted only in the exercise of a wise judicial discretion.
 

 In the states of Oklahoma, California, Missouri, Texas, Mississippi, and Idaho, their Constitutions are practically identical with our own Bill of Bights on the subject of bail, and the courts of last resort of each of those states have reached conclusions in harmony with our own.
 

 In
 
 Ex parte Herndon,
 
 18 Okl. Cr., 68, 192 P., 820, 19 A. L. R., 804, the following syllabus was declared: “The provision of our Code of Criminal Procedure (Section 6105, Bev. Laws 1910) excepting from the right to bail pending appeal one under sentence of life imprisonment is not unconstitutional. ’ ’
 

 In
 
 Ex parte Voll,
 
 41 Cal., 29, the syllabus- states:
 

 ‘ ‘ The Constitution of this State, in declaring bail to be a matter of right, contemplates only those cases in which the party has not been already convicted.
 

 “The statute which makes bail a matter of discretion after conviction for manslaughter is not unconstitutional. ”
 

 In
 
 Ex parte Heath,
 
 227 Mo., 393, 126 S. W., 1031, the law was stated as follows: “The provision of the Constitution ‘that all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great,’ does not have application after conviction. That
 
 *323
 
 constitutional right to hail does not exist after conviction pending an appeal or writ of error.”
 

 In
 
 Ex parte Ezell,
 
 40 Tex., 451, 19 Am. Rep., 32, it is stated in the syllabus:
 

 “1. The 9th Section of the Bill of Bights secures the right of bail only to those prisoners who have not been tried and convicted in the District Court.
 

 ■ “2. When the application for the writ of habeas corpus shows that the applicant is restrained of his liberty by a sheriff acting under a commitment issued by the District Court after trial and judgment of conviction for a felony, the writ will not be awarded. ’ ’
 

 In Ex
 
 parte Fortenberry,
 
 53 Miss., 428, it was decided: “Acts 1875, p. 79, § 2, which authorizes the jury in capital cases to declare the penalty shall be imprisonment for life, does not mate bail in all cases a matter of right, under § 8, art. 1, Constitution.”
 

 In
 
 In re Schriber,
 
 19 Idaho, 531, 114 P., 29, 37 L. R. A. (N. S.), 693, it is stated: “The Constitution of this state, see. 6, art. 1, which provides that ‘all persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great,’ has reference only to those cases in which the party has not yet had a trial, and applies to all persons prior to conviction, but does not refer to cases wherein a conviction has been had in a court of competent jurisdiction.”
 

 We have not made careful research into the Constitutions and decisions of all the states, but only in one state does our research disclose a decision of a contrary tenor, viz., in
 
 In re Longworth,
 
 7 La. Ann., 247.
 

 
 *324
 
 The provision relating to bail is only one of many personal rights ,and liberties relating to freedom from illegal restraint and the assurance of speedy and impartial trial, found in Magna Charta, the Petition of Rights, and other concessions which constitute the English constitution; but it will be found that all of those guaranties related to the treatment of persons before trial and conviction, and not after. Hallam, Const. Hist., p. 140.
 

 Upon reason and authority, the writs in both eases must be denied.
 

 Writs demed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.