Matthias, J.
 

 The defendant was convicted of the commission of a felony. Let us, therefore, first examine the statutory provisions specifically governing and controlling the execution of sentence for a felony. It is quite apparent that, upon conviction of the defendant, action subsequent thereto was in accordance with the provisions of Section 13455-1, General Code, which reads as follows:
 

 “A
 
 person sentenced for felony to the penitentiary or a -reformatory, unless the execution thereof is suspended, shall be conveyed to the penitentiary or such reformatory, by the sheriff of the county in which the conviction was had, within five days after such sentence, and delivered into the custody of the warden or superintendent of such institution, with a copy of such sentence, and such convict shall be kept within such institution until the term of his imprisonment expires or he is pardoned or paroled. If the execution of such sentence is suspended, and the judgment be thereafter affirmed, he shall be conveyed to the penitentiary or such reformatory -within five days after the judge directs the execution of sentence, provided, however, that the trial judge or other judge of said court, may, in his discretion and for good cause shown, extend the time of such conveyance.”
 

 Concededly the execution of sentence was not suspended and therefore, in compliance with the clear and specific mandatory requirements of the statute, the sheriff of the county duly conveyed the defendant to the penitentiary and delivered him to the warden of that institution, where he is now detained.
 

 Section 13453-1, General Code, authorizes, but does not require, the suspension of execution of sentence in certain cases. It provides that where a review of
 
 *122
 
 such conviction is sought, “such judge or magistrate may in his discretion suspend execution of the sentence or judgment for such fixed time as will give the accused time to prepare and file, or apply for leave to file, such petition; and such judge in all bailable cases, except those in which the punishment is imprisonment for life, may release the defendant upon a recognizance with sufficient surety,” etc. These two sections, the former under the chapter on “Execution of Sentence for Felony,” and the latter under the chapter on “Execution of Sentence Suspended,”'are in entire harmony and contemplate the immediate execution of sentence unless sentence is suspended by the trial court.
 
 <
 

 There is no contention that any right to a suspension of execution of sentence and admission to bail pending an appeal proceeding is conferred by any constitutional provision. That any such contention would not he well founded has been specifically held by this court in the case of
 
 In
 
 re
 
 Halsey,
 
 124 Ohio St., 318, 178 N. E., 271, 77 A. L. R., 1232, in the following proposition of the syllabus: “Section 9 of the Ohio Bill of Rights guarantees the right to bail only before judgment of conviction in the trial court.” The theory of an automatic suspension of the execution of sentence, as contended for by counsel for Thorpe, cannot be sustained in the face of the very definite, specific and mandatory provisions of the statute above quoted. He contends that “Section 13435-9, General Code, makes it mandatory for the trial court to fix the bond and when it once is given, the defendant does not have to ask anybody to order the sheriff or warden to let him alone.” - Section 13435-9, General Code, is found in a chapter on “Bail.” It provides as follows:
 

 “In all cases in which an indictment is returned or information filed in the court of common pleas, such court shall require the accused to enter into a recognizance in such an amount as the court shall fix. It
 
 *123
 
 shall not be necessary to renew snch recognizance at the end of' the term or at any other time, except upon motion made to the court, but the court, upon its own motion, may renew, or for proper cause shown, increase or decrease such recognizance. Such recognizance when so given shall be conditioned that the defendant abide the order and judgment of the court, and appear from day to day and not depart without leave until such case is finally disposed of. It shall not be necessary when such recognizance is so executed, for the accused to give another recognizance pending a proceeding in error, but such recognizance shall continue and be in full force throughout such proceeding in error. The court in which such error is prosecuted, for good cause shown may increase or decrease such recognizance or remand the accused to the sheriff of the county in which such indictment was returned or information filed. When two or more indictments are returned or informations filed against the same person at the same term, the recognizance given may be made to include all offenses charged therein.”
 

 It is to be observed that such recognizance is conditioned that the defendant shall abide the order and judgment of the court and that it continues in full force throughout a proceeding in error, thus making the sureties on such original recognizance liable in case of default of the defendant, unless a new bond be furnished under order of the court, as provided by statute. But we find here no reference to the matter of a suspension of execution of sentence and no provision therein either conferring or withholding the power. The provisions of the section just quoted may be given full effect and rendered harmonious with the statutory provisions previously considered when we observe that this section has reference merely to the giving of a recognizance and its continuance in effect. If there be no suspension of the execution of sentence in accordance with the provisions of Sections 13453-1
 
 *124
 
 and 13455-1, General Code, then the provisions of Section 13435-9, General Code, insofar as they relate to procedure subsequent to the imposition of sentence by the trial court, haye no operative effect whatever. By such construction and application of these statutes, their various provisions are rendered consistent and effective. In every instance in which the question has been before this court, it has been held that there is no authority upon the part of the trial judge to suspend execution of sentence or to discharge upon bail subsequent to conviction unless specifically so authorized by statute, and that suspension of execution of sentence and release on bail subsequent to conviction could not be demanded as a right, but that the same may be granted only upon the finding and order of the court in the manner and within the limitations prescribed by statute.
 
 State
 
 v.
 
 Clark,
 
 15 Ohio, 595;
 
 Hampton
 
 v.
 
 State,
 
 42 Ohio St., 401;
 
 In re Halsey, supra; Municipal Court of Toledo
 
 v.
 
 State, ex rel. Platter,
 
 126 Ohio St., 103, 184 N. E., 1.
 

 It follows that, there having been no suspension of sentence, the detention of the defendant by the warden in the Ohio penitentiary is valid. The judgment of the Court of Appeals denying the writ of
 
 habeas corpus
 
 is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, O.' J., Stephenson, Williams, Jones and Day, JJ., concur. ■
 

 Zimmekman, J., not participating.