THE STATE OF OHIO, APPELLEE, *v.* SHEPPARD, APPELLANT.

(No. 23400—Decided February 9, 1955.)

*Mr. Frank T. Cullitan,* prosecuting attorney, *Mr. Saul S. Danaceau* and *Mr. Thos. J. Parrino,* for appellee.

*Messrs. Corrigan, McMahon & Corrigan, Mr. Fred W. Garmone* and *Mr. Arthur E. Petersilge,* for appellant.

SKEEL, J. This cause came on to be heard upon the motion of the defendant seeking an order of this court to certify the decision of this court entered January 19, 1955 (*ante*, 489), refusing the defendant bail pending appeal, to the Supreme Court for review on the ground that such decision is in conflict with a judgment of the Court of Appeals for Belmont County and a judgment of the Court of Appeals for Mahoning County on the same subject.

The request is based on the provisions of Section 6, Article IV of the Constitution of Ohio. This section, in part, provides:

"* * * and whenever the judges of a Court of Appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other Court of Appeals of the state, the judges shall certify the record of the case to the Supreme Court for review and final determination."

The entry of this court recorded on January 19, 1955, as above indicated, was one overruling defendant's request to be admitted to bail pending appeal of his conviction of the crime of murder in the second degree in the Court of Common Pleas of Cuyahoga County. The defendant had been charged with murder in the first degree. The jury found him not guilty of the crime charged but guilty of murder in the second degree. A motion for new trial was filed and overruled. Notice of appeal was then filed as provided by law, the trial court refusing to admit the defendant to bail pending appeal. The application for bail filed in this court was not an appeal from the refusal of the Common Pleas Court to set bail, but was rather filed in this court under the provisions of Section 2953.10, Revised Code, which provides:

"The Court of Common Pleas, Court of Appeals, or Supreme Court, or any judge thereof, to which court an appeal is taken from an inferior tribunal, has the same power and authority to suspend the execution of sentence during the pendency of such appeal and admit the defendant to bail as is provided for in respect to said inferior tribunal."

This court held that one convicted of a crime in which life imprisonment was the penalty provided by the law defining the crime of which the defendant was convicted cannot be admitted to bail by reason of Section 2949.02, Revised Code, which provides as follows:

"When a person has been convicted of any bailable offense, including the violation of an ordinance of a municipal corporation, in the Court of Common Pleas, or by any court or magistrate inferior to the Court of Common Pleas, and such person gives notice in writing to the trial judge or magistrate, of his intention to file, or apply for leave to file a petition to review such conviction, such judge or magistrate may suspend execution of the sentence or judgment for such fixed time as will give the accused time to prepare and file, or to apply for leave to file such petition. In all bailable cases, except those in which the punishment is imprisonment for life, such judge may release the defendant upon a recognizance with sufficient surety to be approved by the judge or magistrate, conditioned that the accused will appeal without delay and abide by the judgment and sentence of the court."

It is the claim of the defendant that in the case of *State* v. *Hawkins, ante,* 477, which case was tried in the Common Pleas Court of Belmont County, the defendant was found guilty of murder in the second degree, and, upon appeal, a judge of the Court of Appeals for Belmont County, upon her application to be admitted to bail pending the appeal of her conviction, granted such application, and the defendant was admitted to bail.

It is also claimed that in the case of *State* v. *Robinson*, the defendant was found guilty of murder in the second degree upon trial in the Common Pleas Court of Mahoning County, and, pending appeal of such conviction, the defendant was admitted to bail upon application passed on by two judges of the Court of Appeals for Mahoning County, in like manner as in the *Hawkins case*.

It is with these rulings of the Court of Appeals of the Seventh Appellate District that it is claimed the holding of this court is in conflict and which requires **us to certify our record** refusing defendant's applica-

tion for bail to the Supreme Court for review.

It is the law of this state that an order refusing bail or requiring reduction of excessive bail pending trial on the merits is interlocutory in character and cannot be reviewed upon appeal. In the case of *State* v. *Bevacqua,* 147 Ohio St., 20, 67 N. E. (2d), 786, the court held:

"The overruling of a motion for the reduction of bail previously fixed for the appearance of an accused pending trial on an indictment is not a final order which may be made the basis of an appeal even though such overruling of the motion amounts to an abuse of discretion; but the constitutional right to non-excessive bail in bailable offenses may be fully protected by suing out a writ of *habeas corpus* in a court of competent jurisdiction."

It has also been held that after a judgment of guilty in a criminal case, a defendant is not entitled to be released on bail pending appeal as a matter of right, and even though there is no statutory prohibition against admitting a defendant to bail after conviction, whether such an order admitting the defendant to bail will or will not be made is within the discretion of the trial court, or the reviewing court (Section 2953.10, *supra*).

In the case of *In re Thorpe,* 132 Ohio St., 119, 5 N. E. (2d), 333, the Supreme Court held:

"1. The provisions of Article I, Section 9 of the Ohio Constitution, guaranteeing the right to bail, are not effective subsequent to judgment of conviction in the trial court. (*In re Halsey,* 124 Ohio St., 318, approved and followed.)

"2. One convicted of a felony is not entitled as a matter of right to be admitted to bail or to have execution of sentence suspended pending appeal of such judgment of conviction in a reviewing court; but the trial court is authorized by Section 13453-1, General Code, to suspend execution of sentence and release the defendant upon approved recognizance pending such appeal."

In the case of *In re Halsey,* 124 Ohio St., 318, 178 N. E., 271, 77 A. L. R., 1232, it was held:

"1. Section 9 of the Ohio Bill of Rights guarantees the right to bail only before judgment of conviction in the trial court.

"2. Section 13453-1, General Code, denying accused persons the right to bail after judgment in the trial court where the punishment is imprisonment for life, is not unconstitutional."

It is therefore clear that an order refusing bail to one convicted of murder in the second degree for which the punishment provided by Section 2901.05, Revised Code, is imprisonment "for life," the statutes providing under such circumstances a defendant after conviction shall not be admitted to bail (Section 2949.02, Revised Code), or in cases where the defendant at the discretion of the court may be admitted to bail after conviction of a felony, which request is refused by order of the court, is not a judgment or a final order in a special proceeding but is interlocutory in character and not an order from which an appeal can be taken.

The Constitution of Ohio provides that only *judgments* which are in conflict shall be certified. The order made by this court not being an appealable order is not a *judgment,* which may be certified to the Supreme Court on the ground of conflict under Section 6, Article IV of the Ohio Constitution.

It should also be noted that the orders of the Seventh District Court of Appeals upon which the defendant seeks an order of certification are not *judgments* under the purview of this section of the constitution.

The prohibition against bail provided for, where imprisonment for life is a penalty provided by law, is not concerned with the sentence which may be imposed after conviction. It is intended by Section 2949.02, Revised Code, to deny bail, after conviction, to a cer-

tain class of defendants; that is, all those who have been convicted of a crime where the statute defining the crime provides for a life sentence.

The Legislature in its wisdom has the power to deny bail to a particular class so long as the rule is of general application throughout the state. On this theory the Supreme Court in dealing with the right of the Legislature to provide for sentencing a defendant twenty years of age, found guilty of a violation of Section 2907.14, Revised Code, to a definite term in the penitentiary for life, regardless of the indeterminate sentence laws and the manner of sentencing certain defendants to reformatory institutions, held in *Ex Parte Fleming,* 123 Ohio St., 16, 173 N. E., 441:

"1. The state, in its inherent sovereign power to define crimes and fix penalties, may, acting through the Legislature, create a new offense applicable to all within the class named and of general operation throughout the state, authorizing the trial court to pass a definite sentence upon one convicted thereunder to the penitentiary for life, or, if the jury as a part of their verdict recommend mercy, for not less than twenty years.

"2. *Habeas corpus* does not lie to effect the discharge of one under the age of twenty-one years who has received a definite sentence to the penitentiary under the provisions of such new act (Section 12441, General Code) for the offense of entering a bank with intent to commit or committing a felony with firearms or other deadly weapons, even though a general law passed prior to such new act provides for general sentences of male persons between the ages of sixteen and twenty-one years, convicted of felony, to the reformatory instead of the penitentiary."

We also call attention to the fact that even where the court is authorized by law to admit a defendant to bail pending appeal, a refusal to do so does not constitute an appealable order for the reason that there is

no duty imposed by law upon a court to grant such request. While it appears from the record, as shown by the ruling on defendant's motion seeking to be admitted to bail, that we refused such request upon the authority of the statute (Section 2949.02, Revised Code), yet, if the defendant was legally privileged to be admitted to bail at the discretion of the court, it would be extremely doubtful that such motion would be granted in this case where the trial court, after an extended hearing on the trial, refused such request after conviction.

For the foregoing reasons the motion and the supplemental motion to certify the record of the court refusing bail to the defendant are overruled.

*Motions overruled.*

HURD, P. J., and KOVACHY, J., concur.