LESSIN, APPELLEE, *v.* McFAUL, SHERIFF, APPELLANT.

[Cite as *Lessin v. McFaul* (1992), 62 Ohio St.3d 417.]

(No. 90–2549—Submitted June 26, 1991—Decided February 5, 1992.)

*Stephanie Tubbs Jones*, Prosecuting Attorney, and *Laurence R. Snyder*, for appellant.

*Per Curiam.* Appellant contends that the court of appeals' decision conflicts with our decision in *Dapice v. Stickrath* (1988), 40 Ohio St.3d 298, 533 N.E.2d 339. We agree and reverse the decision of the court of appeals. In *Dapice*, we stated that habeas corpus would no longer be available to grant bail on appeal because there is no constitutional right to bail pending appeal,

and, therefore, requests for the writ are subject to R.C. 2725.05, which states that the writ will not be allowed when a prisoner is restrained by an order of a court with jurisdiction to make the order. *Dapice* also stated that mandamus would be available to enforce judicial compliance with bail rules, Crim.R. 46 and App.R. 8.

This case deals with bail prior to sentencing, not bail on appeal, so *Dapice* is not directly on point. However, its reasoning is persuasive. First, we have decided that no constitutional right to bail exists after a judgment of conviction. *In re Halsey* (1931), 124 Ohio St. 318, 178 N.E. 271, paragraph one of the syllabus; *In re Thorpe* (1936), 132 Ohio St. 119, 7 O.O. 224, 5 N.E.2d 333, paragraph one of the syllabus. Therefore, regarding bail, one who has been convicted and awaits sentencing is constitutionally in no different position than one who is convicted and appeals, and R.C. 2725.05's prohibition against issuing the writ, except for lack of jurisdiction, applies to such a defendant as well as one who has appealed.

Moreover, as in *Dapice*, mandamus should be available to compel compliance with applicable rules. This case was originally brought in habeas corpus *and* mandamus; however, having granted relief in habeas corpus, the court of appeals disregarded mandamus. Nevertheless, we find no basis for issuing the writ of mandamus either.

Crim.R. 32(A) provides in part:

" * * * Pending sentence the court may commit the defendant or continue or alter the bail. * * * "

Crim.R. 46(E)(1) provides:

"Felony cases. Except when a person has been sentenced to death, a person who has been convicted and is either awaiting sentence or has filed a notice of appeal shall be treated in accordance with the provision[s] of division (C) [conditions for pretrial release in felony cases] unless the judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or the community. If such a risk of flight or danger is believed to exist, the person may be ordered detained."

In denying appellee continued bail, the trial court stated:

" * * * I think by the defendant's actions with regard to the underlying facts in this case and her attitude towards this proceeding, I think she has demonstrated her contempt for not only our system of government, but obviously for our system of justice. I don't believe she would appear for sentencing in this matter."

Thus, the trial court complied with Crim.R. 46(E)(1) by finding that no conditions would ensure appellee's appearance. She also stated her reason for that holding—appellee's contempt for the American system of justice.

Accordingly, the decision of the court of appeals should be reversed. The court had no authority to issue a writ of habeas corpus because the request for post-conviction bail did not attack the trial court's jurisdiction, as required by R.C. 2725.05. Moreover, as the trial court followed Crim.R. 46(E)(1), there were also no grounds to issue a writ of mandamus. The court of appeals merely substituted its judgment for that of the trial court. This is allowable on appeal pursuant to App.R. 8(B), but not in the instant case where App.R. 8 is not involved.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.