OPINION AND JOURNAL ENTRY
On December 10, 1999, Petitioner, acting pro se, filed a "Petition for Writ of Habeas Corpus." This court issued an order on December 23, 1999 granting Respondents seven days to file an answer or otherwise plead to the petition. Respondents have failed to file any response to the petition.
It may be gleaned from the petition that Petitioner is complaining he was denied an evidentiary hearing and grand jury transcripts. He believes he could demonstrate that perjured testimony was produced. He concludes that his negotiated plea was coerced and the state failed in its duty to disclose evidence favorable to the accused.
As indicated in the petition before this court, Petitioner alludes to the proceedings in Mahoning County Common Pleas Court Case No. 98 CR 980, captioned State of Ohio v. Nelson Franklin.
The clerk's docket record reveals the following filings in that case:
 January 11, 1999: Indictment filed. Count One: Murder. County Two, Three, Four: Attempted murder. (Firearms specifications to all counts)
 February 2, 1999: Defendant enters guilty plea to complicity to involuntary manslaughter during commission of a felony, with a firearm specification.
 February 2, 1999: Defendant enters guilty plea to counts 2-4, felonious assault with firearm specification to each count. Case continued pending presentence investigation.
The record reveals that the guilty pleas were entered after the trial court overruled a defense motion to dismiss and had the case set for trial. Sentencing was continued on several occasions until August 27, 1999 when the court filed an entry stating that the defendant was found to be unavailable for sentencing and until such time as the Prosecutor notified the court as to the defendant's availability, the matter was stayed.
Thereafter, the defendant filed a motion for evidentiary hearing on enhancement provisions and for reduction of bond. The docket record reflects that the original bond was $300,000, no 10%. The motions were overruled on November 15, 1999.
The docket record is thereafter devoid of any meaningful entries whereby one could reasonably conclude that Common Pleas Case No. 98 CR 980, State v. Nelson L. Franklin has been concluded.
Under R.C. 2725.01:
 "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."
An action in habeas corpus is also appropriate to assert a constitutional right to reasonable and nonexcessive bail. Lewisv. Telb (1985), 26 Ohio App.3d 11; Petition of Gentry (1982),7 Ohio App.3d 143. Habeas corpus is available to challenge excessive pretrial (emphasis added) bail. State ex. rel. Baker v.Troutman (1990), 50 Ohio St.3d 270.
The record of Case No. 98 CR 980 reveals that Petitioner has been convicted of multiple felonies and is awaiting final sentencing by the trial court. For some reason, not apparent on the record, Petitioner has been adjudged unavailable for sentencing and the court will not proceed until advised by the Prosecutor that the Petitioner is available.
In addressing a constitutional right to bail after conviction, the Ohio Supreme Court states in Lessin v. McFaul (1992), 62 Ohio St.3d 417
at 418:
 "* * * we have decided that no constitutional right to bail exists after a judgment of conviction. In re Halsey (1931), 124 Ohio St. 318, 178 N.E. 271, paragraph one of the syllabus; In re Thorpe (1936), 132 Ohio St. 119, 7 O.O.224, 5 N.E.2d 333, paragraph one of the syllabus. Therefore, regarding bail, one who has been convicted and awaits sentencing is constitutionally in no different position than one who is convicted and appeals, and R.C. 2725.05's prohibition against issuing the writ, except for lack of jurisdiction, applies to such a defendant as well as one who has appealed."
The Lessin court also referred to Crim.R. 32(A) which provides in pertinent part:
 "Pending sentence, the court may commit the defendant or continue or alter the bail."
Such rule reinforces the principle that there is no right to bail after conviction.
Finally, as stated by R.C. 2725.05:
 "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed."
Petitioner herein is not alleging that the court lacked jurisdiction to enter the order of conviction.
Accordingly, the Petition for Writ of Habeas Corpus is dismissed. Costs of this proceeding taxed against Petitioner. Final order. Clerk to serve a copy of this opinion and journal entry on all parties and the Mahoning County Prosecutor.
 ___________________ JUDGE WARD A. COX.
 _____________________ JUDGE GENE DONOFRIO.
 ______________________ JUDGE CHERYL L. WAITE.