DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner, Alvin Miles, has filed a petition for writ of habeas corpus against respondent, James Telb, Lucas County Sheriff. Petitioner brings this proceeding to contest the ruling to increase his bail issued by the Wood County Court of Common Pleas subsequent to petitioner's conviction for attempted felonious assault. Petitioner filed a transcript of the trial court proceedings regarding the increased bail and has also moved this court to transmit the Presentence Report and Psychological Evaluation.
 {¶ 2} No constitutional right to bail exists after a judgment of conviction. In re Halsey (1931), 124 Ohio St. 318, paragraph one of the syllabus; In re Thorpe (1936), 132 Ohio St. 119, paragraph one of the syllabus. The purpose of bail is to secure the attendance of the accused at trial. See Crim.R. 46(A). Crim.R. 46(H) provides, in pertinent part, that after bond has been set, "[u]nless otherwise ordered by the court pursuant to division (E) of this rule, or if application is made by the surety for discharge, the same bond shall continue until the return of a verdict or the acceptance of a guilty plea. In the discretion of the court, the same bond may also continue pending sentence or disposition of the case on review. * * *" In other words, regarding bail, one who has been convicted and awaits sentencing is constitutionally in no different position than one who is convicted and appeals. Moreover, "[t]he amount of bail is largely within the sound discretion of the court." Bland v.Holden (1970), 21 Ohio St.2d 238, 239. The trial court has the discretion to change the amount of bail as the circumstances warrant. One such circumstance is the change in status from being accused to convicted. After conviction, bail is more likely to be denied since the danger of flight is "inherently greater after conviction than before a guilty verdict." See Christopher v. McFaul (1985), 18 Ohio St.3d 233, 234.
 {¶ 3} An allegation of excessive bail can form the basis of a viable habeas corpus claim. See State ex rel. Pirman v. Money (1994),69 Ohio St.3d 591; Jenkins v. Billy, 43 Ohio St.3d 84. However, where petitioner alleges no facts that indicate an abuse of discretion by the trial court or that appropriate grounds for independent review by this court exist, then the writ must be denied. See In re DeFronzo (1977),49 Ohio St.2d 271.
 {¶ 4} In this case, despite appellant's suggestion that no change in circumstances has occurred, we note that appellant, having been convicted and in custody previously, presents an inherently increased flight risk after his conviction. The possibility of a term of incarceration exists, whether such a sentence is mandatory or not. Petitioner alleges no facts which support a determination that the trial court abused its discretion by increasing appellant's bond pending sentencing or that appropriate grounds for independent review by this court exist. Furthermore, since the trial court's decision was based on the change of petitioner's conviction status along with his criminal history, the transmission of the presentence report and psychological evaluation are not necessary for our review of these proceedings. Therefore, appellant's motion to transmit the presentence report and psychological evaluation is denied.
 {¶ 5} Accordingly, appellant's application for writ of habeas corpus is denied.
 WRIT DENIED.