DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before this court as an original action in habeas corpus filed by petitioner, Brian Giving, on December 12, 2005, against respondent Erie County Sheriff, who is holding petitioner at the Erie County Jail. According to petitioner, he entered a plea agreement on November 8, 2005. His original sentencing date was scheduled for January 5, 2006. On November 15, 2005, the trial court sua sponte revoked petitioner's bond and ordered him to be taken into custody by the Erie County Sheriff. Also on November 15, 2005, the trial court re-assigned petitioner's sentencing date to November 17, 2005. After filing an affidavit of disqualification against Judge Tygh Tone, petitioner's sentencing was again re-scheduled to December 13, 2005.
 {¶ 2} Petitioner asserts in his petition for writ of habeas corpus that he is being unlawfully imprisoned because (1) there was no motion of record requesting petitioner's bond be revoked and, therefore, the trial court was without jurisdiction to entertain such a motion; (2) the basis for his bond's revocation, that he incurred new charges in the Sandusky Municipal Court, was incorrect; (3) there was no bond hearing; and (4) alternatively, the state had ex parte communications with the trial court concerning his bond revocation and sentencing date.
 {¶ 3} There is no requirement that the trial court have a motion before it to consider petitioner's bond. Crim.R. 46(E) states that "[a] court at any time, may order additional or different types, amounts, or conditions of bail." Additionally, Crim.R. 46(H) states, "[u]nless otherwise ordered by the court * * * the same bond shall continue until * * * the acceptance of a guilty plea." Thereafter, it is within the discretion of the court whether to continue the same bond pending sentence. Id. Accordingly, we find that the trial court was within its jurisdiction and discretion to sua sponte revisit petitioner's bond following his plea and pending sentencing.
 {¶ 4} We also find that there is no requirement that the trial court conduct a post-conviction bond revocation hearing. Crim.R. 43(A) requires a defendant's presence at "every stage of the trial, including * * * imposition of sentence * * *." However, "[a] criminal conviction rebuts the presumption of innocence, and a criminal no longer has the constitutional right to bail after conviction." State v. Steffen (1994),70 Ohio St.3d 399, 410, citing, Coleman v. McGettrick (1965),2 Ohio St.2d 177; and In re Thorpe (1936), 132 Ohio St. 119. Accordingly, because petitioner has no constitutional right to bail after conviction, he certainly has no right to a bond hearing. Additionally, because petitioner has no right to bail after conviction, we find that petitioner's unsubstantiated allegations that the state engaged in ex parte communications with the trial court regarding petitioner's bond is irrelevant and not a basis upon which a writ of habeas corpus could be granted in this case.
 {¶ 5} R.C. 2725.05 states that a writ of habeas corpus shall not be allowed where "it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process." Having found that the trial court had jurisdiction and authority to revoke appellant's bond, we dismiss Giving's petition for a writ of habeas corpus. Costs of this action is assessed against petitioner.
PETITION DISMISSED.
Peter M. Handwork, J., Arlene Singer, P.J., Dennis M. Parish,J., Concur.