[Cite as *In re Tyler v. Schilling*, 2020-Ohio-3375.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE:  ANTONIO TYLER,      :

     Petitioner,         :

                                      No. 109768

     v.                :

DAVID G. SCHILLING,
CUYAHOGA COUNTY SHERIFF,    :

     Respondent.      :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  PETITION DISMISSED
**DATED:**  June 17, 2020

Writ of Habeas Corpus
Order No. 539180

***Appearances:***

Jeffrey Richardson, *for petitioner.*

ANITA LASTER MAYS, J.:

{¶ 1} Antonio Tyler has filed a petition for a writ of habeas corpus.  Tyler argues excessive bail on the basis that the trial court abused its discretion in setting bail in the amount of $100,000 following a hearing.

{¶ 2} In *State v. Tyler*, Cuyahoga C.P. No. CR-19-640674-B, Tyler entered a plea of guilty to the offenses of aggravated riot with a firearm specification,

tampering with evidence, trafficking in drugs, and possession of criminal tools. Tyler has not been sentenced by the trial court.

{¶ 3} There exists no constitutional right to bail after a judgment of conviction. In addressing a constitutional right to bail after conviction, the Ohio Supreme Court, in *Lessin v. McFaul*, 62 Ohio St.3d 417, 418, 583 N.E.2d 1306 (1962), stated that "[w]e have decided that no constitutional right to bail exists after a judgment of conviction." Therefore, regarding bail, one who has been convicted and awaits sentencing is constitutionally in no different position than one who is convicted and appeals. *In re Thorpe*, 132 Ohio St. 119, 5 N.E.2d 333 (1936); *In re Halsey*, 124 Ohio St. 318, 178 N.E. 271 (1931). Moreover, R.C. 2725.05 prohibits this court from issuing a writ of prohibition, unless Tyler can demonstrate a lack of jurisdiction. *Giving v. Erie Cty. Sheriff*, 6th Dist. Erie No. E-05-093, 2005-Ohio-6843.

{¶ 4} In addition, the purpose of bail is to secure the attendance of the accused at trial. *See* Crim.R. 46(A). Also, Crim.R. 46(H) provides that after bond has been set, "unless otherwise ordered by the court pursuant to division (E) of this rule, or if application is made by the surety for discharge, the same bond shall continue until the return of a verdict or the acceptance of a guilty plea. In the discretion of the court, the same bond may also continue pending sentence or disposition of the case on review." In other words, one who has been convicted and awaits sentencing is constitutionally in no different position than one who is

convicted and appeals.  *Miles v. Telb*, 6th Dist. Lucas No. L-03-1204, 2003-Ohio-4220.

{¶ 5}  Finally, the amount of bail is within the sound discretion of the trial court and will not be disturbed unless the petitioner can demonstrate an abuse of discretion in deciding the amount of bail.  *Bland v. Holden*, 21 Ohio St.2d 238, 257 N.E.2d 397 (1970).  Herein, we find no abuse of discretion on the part of the trial court in reducing the amount of bail to $100,000.  *See Christopher v. McFaul*, 18 Ohio St.3d 233, 480 N.E.2d 484 (1985).

{¶ 6}  Accordingly, we sua sponte dismiss the petition for a writ of habeas corpus.  Costs to Tyler.  The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 7}  Petition dismissed.

_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR